In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-103 CR


____________________



JEREMY LEE CONLIN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 04-10-08389-CR






O P I N I O N


 Jeremy Lee Conlin appeals an order denying his motion for appointment of counsel
for the purpose of filing a motion for forensic DNA testing. See Tex. Code Crim. Proc.
Ann. art. 64.01 (c) (Vernon 2006). At the Court's request, the parties submitted briefs on
issues of appellate jurisdiction. After reviewing those responses and the clerk's record, we
hold that the notice of appeal does not invoke our appellate jurisdiction because the
challenged order is not appealable at this time.

 The trial court convicted Conlin of sexual assault of a child and imposed sentence on
February 24, 2005. Less than two years later, Conlin filed a pro se motion for appointment
of counsel to file a motion for re-testing of the DNA evidence relating to the assault. The
State's response asserted the convicted person and the victim were previously known to each
other so that identity was not an issue in the case. The order denying Conlin's motion to
appoint counsel included findings that identity was not an issue and is not now an issue in
the case, that the evidence had been subjected to DNA testing under current techniques, and
that no reasonable grounds existed for a motion to be filed. Conlin did not file a motion for
DNA testing, but appealed the ruling on his request for counsel.

 Appeals under Chapter 64, Texas Code of Criminal Procedure, are taken in the same
manner as appeals of any other criminal matters. Tex. Code Crim. Proc. Ann. art. 64.05
(Vernon 2006). An order regarding appointment of counsel is an interlocutory ruling that
does not finally dispose of the issue of whether the convicted person is entitled to testing. Fry
v. State, 112 S.W.3d 611,613 (Tex. App.--Fort Worth 2003, pet. ref'd) (construing former
version of article 64.05). The trial court's finding that no grounds exist for filing a motion
for forensic DNA testing suggests the outcome of a potential motion for forensic DNA
testing, but it is possible that in a pro se motion Conlin might allege facts sufficiently
compelling for the trial court to reconsider its ruling and conduct a hearing. Conlin could
raise denial of counsel as an appellate issue if the trial court denied the motion for forensic
DNA testing. See, e.g., James v. State, 196 S.W.3d 847, 849 (Tex. App.--Texarkana 2006,
no pet.); Lewis v. State, 191 S.W.3d 225, 227 (Tex. App.--San Antonio 2005, pet. ref'd). 
Mandamus relief might also be presently available, provided Conlin establishes a clear and
indisputable right to appointment of counsel. See, e.g., Neveu v. Culver, 105 S.W.3d 641,
642 (Tex. Crim. App. 2003) (applying former version of article 64.01); In re Ludwig, 162
S.W.3d 454, 454-55 (Tex. App.--Waco 2005) (orig. proceeding).

 We hold that the trial court's order denying the request for appointment of counsel is
not appealable at this time. Accordingly, the appeal is dismissed.

 APPEAL DISMISSED.

 
 __________________________________

 CHARLES KREGER

 Justice


Opinion Delivered April 18, 2007

Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.

 DISSENTING OPINION


 Respectfully, I dissent. This Court has jurisdiction. There is nothing on file with the
district court that has not been decided. To simply dismiss the appeal on jurisdictional
grounds leaves the cause open indefinitely with no further ruling required by the district
court. 

 Appellant filed in district court only a document he titled "Application & Motion for
Appointment of Counsel Under Article 64.01(c)(2) Tx Code of Crim Procedure, Senate Bill
3." The court signed an "Order on the Convicted Person's Motion for Appointment of
Counsel" denying the motion. The district court found:

 (1) identity was not and is not now an issue in this case,

 (2) DNA testing under current techniques was conducted on the evidence,
and

 (3) there are no reasonable grounds for a motion to be filed.


Is it conceivable the district court denied the motion for appointment of counsel for the
reasons stated in the order, and at the same time did not intend the order to be a denial of
DNA testing under the statute? I do not see how. The district court found no reasonable
grounds "for a motion to be filed." 

 The judge has determined there is no basis for DNA testing. This Court has
jurisdiction to review the ruling. The district court ruled correctly in this case. I would
affirm the order. 






 ____________________________

 DAVID GAULTNEY

 Justice


Dissent Delivered April 18, 2007