# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00563-CR

## In re David Wayne Franklin

FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT
NO. 5264, HONORABLE CURT F. STEIB, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

David Wayne Franklin is serving the prison sentence he received after being convicted of murdering his wife.[1]  Franklin filed a pro se request for appointed counsel for the purpose of seeking post-conviction DNA testing.  Tex. Code Crim. Proc. Ann. art. 64.01(c) (West 2006).  The trial court found no reasonable grounds for a testing motion to be filed and denied the request for appointed counsel.  This appeal followed.

Prior to September 1, 2003, appeals in chapter 64 proceedings were expressly limited to findings under articles 64.03 and 64.04.  Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, art. 64.05, 2001 Tex. Gen. Laws 2, 4 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 64.05 (West 2006)); *see Neveu v. Culver*, 105 S.W.3d 641, 643 (Tex. Crim. App. 2003) (holding there was no right to appeal trial court's failure to appoint counsel); *Fry v. State*, 112 S.W.3d 611, 613

---

[1]  There was no appeal of this conviction.

(Tex. App.—Fort Worth 2003, pet. ref'd) (same).[2] As amended effective September 1, 2003, article 64.05 refers more generally to "[a]ppeals under this chapter." Tex. Code Crim. Proc. Ann. art. 64.05 (West 2006). Under article 64.05 as it now reads, an appeal lies from an order denying a request for appointed counsel. *James v. State*, 196 S.W.3d 847, 849 (Tex. App.—Texarkana 2006, no pet.); *see Lewis v. State*, 191 S.W.3d 225, 227-28 (Tex. App.—San Antonio 2005, pet. ref'd); *In re Bowman*, No. 03-07-00418-CR, 2007 Tex. App. LEXIS 9500, at *2 (Tex. App.—Austin Dec. 5, 2007, no pet.) (mem. op., not designated for publication).[3] *But see Conlin v. State*, 221 S.W.3d 907, 908 (Tex. App.—Beaumont 2007, no pet.) (holding that order denying request for appointed counsel was not appealable under amended section 64.05).

The clerk's record contains a letter from Franklin to the Runnels County District Clerk dated July 1, 2007, referring to the "[e]nclosed . . . Movant's Motion for Appointment of Counsel, Order and Affidavit of Indigency" in this cause. At the bottom of this letter, there is a notation, apparently by an employee of the clerk's office, "Postmarked 7-17-07." The record also

---

[2] The appointment of counsel was mandatory prior to the 2003 amendments. Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, art. 64.05, 2001 Tex. Gen. Laws 2, 4 (since amended) (current version at Tex. Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2007)). Because of this, and because there was no right to appeal the denial of counsel, mandamus was deemed the proper vehicle by which to obtain relief if a request for appointed counsel was denied. *Winters v. Presiding Judge*, 118 S.W.3d 773, 775-76 (Tex. Crim. App. 2003); *Neveu v. Culver*, 105 S.W.3d 641, 643 (Tex. Crim. App. 2003). The procedural consequences of the 2003 amendments to article 64.01(c) and article 64.05 have not been addressed by the court of criminal appeals. *But see Winters*, 118 S.W.3d at 776 n.2; *see also In re Ludwig*, 162 S.W.3d 454 (Tex. App.—Waco 2005) (orig. proceeding) (holding that appointment of counsel under amended article 64.01(c) is not ministerial act subject to mandamus).

[3] The clerk's record contains a trial court certification, signed by the Honorable Ben Woodward, stating that Franklin has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The certification cites authority predating the 2003 amendment of article 64.05. At this point in the appellate process, no purpose would be served by ordering a corrected certification.

2

contains what appears to be the referenced request for appointed counsel and supporting documents, including a copy of the police incident report and a copy of the autopsy report. On the face of the request for counsel, the same person noted, "Dated 7-17-07" and "Filed 8-9-07."

The autopsy report contains this statement of the circumstances of death:

> This 28 year old woman was found dead face down on the floor of her bedroom by her father. Her father had been trying to contact her by phone and was unsuccessful. He called the police. He then went to look for her and found her. Her husband had taken their child and is thought to have headed north to the Oklahoma border. The child was dropped off with an acquaintance. The bathtub was full of water and her pants were laying there. She was found dead and wearing a shirt. There is a history of domestic violence. The husband was apprehended and admitted to strangulating [sic] her with a shoelace. The shoelace was not found.

The police incident report recites that hair was found in the deceased's hands and bagged as evidence. In his statement of reasons for testing attached to the request for appointed counsel, Franklin states that there was no DNA testing of the hair. He wishes to have the hairs tested, saying that he "believe[s] with a 51% certainty that if tested I will be proven innocent."

These documents were presented to the Honorable Curt Steib for a ruling. By a letter to Franklin dated August 7, 2007, Judge Steib denied the request for counsel after finding that reasonable grounds for a testing motion had not been shown. The letter states, "According to the coroner's report death of Trisha Franklin was caused by strangulation. Before DNA testing can be ordered the applicant must establish by a preponderance of the evidence that the applicant would not have been convicted if exculpatory results had been obtained through DNA testing." The judge's letter, like the other documents described above, was filed on August 9, 2007. Appellant's pro se notice of appeal was filed on August 29, 2007.

3

While the appeal was pending, the Court received by mail a copy of a second letter from Judge Steib to Franklin to which was appended a notarized statement by the Ballinger Chief of Police stating that the hair found in the deceased's hand "appeared to be consistent with the victim's hair on her head, and visually it was the same. Officers believed that during the strangulation, the victim may have been attempting to pull on the ligature . . . and may have grabbed her own hair in the process." The statement goes on to say that the hair was not tested because Franklin confessed, and that the hair remains in the custody of the police.[4]

A convicted person is entitled to appointed counsel during a DNA testing proceeding if: (1) the person informs the trial court that he wishes to submit a motion for testing, (2) the person is indigent, and (3) the court finds reasonable grounds for a testing motion to be filed. Tex. Code Crim. Proc. Ann. art. 64.01(c). There is no dispute that the first two requirements are satisfied in this case. The only issue is whether there are reasonable grounds for a testing motion to be filed.

The statute does not define "reasonable grounds." It follows, however, that an indigent inmate need not prove his entitlement to testing as a precondition for obtaining appointed counsel to assist him in filing a testing motion. Instead, we believe that reasonable grounds for a testing motion are present when the facts stated in the request for counsel or otherwise known to the trial court reasonably suggest that a plausible argument for testing can be made. Conversely, reasonable grounds for a testing motion are not present if the record before the trial court shows that

---

[4] A copy of this statement is also appended to the State's brief. Correspondence and briefs are not part of the appellate record. *See* Tex. R. App. P. 34.1. However, both Franklin and the State refer to the chief's statement in their briefs and, there being no apparent dispute as to its authenticity or accuracy, we accept the statement at face value.

DNA testing is impossible or that no viable argument for testing can be made. *See James*, 196 S.W.3d at 850 (holding that reasonable grounds for testing not present when no biological evidence existed); *Lewis*, 191 S.W.3d at 228 (holding that reasonable grounds for testing not present when biological evidence had been destroyed); *Bowman*, 2007 Tex. App. LEXIS 9500, at *3-4 (same).

In its August 7, 2007 letter denying Franklin's request for counsel, the trial court concluded that Franklin had not established by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. That, however, is the burden Franklin must meet to prove his entitlement for testing. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A) (West Supp. 2007). No motion for testing has yet been filed. Franklin was not required to prove that a testing motion must be granted in order to establish his entitlement to appointed counsel to assist him in filing a testing motion.

The State argues that identity was not and cannot be an issue because Franklin confessed to the murder. *See id*. art. 64.03(a)(1)(B). However, a convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of the applicant's guilty plea, confession, or other admission of guilt. *Id*. art. 64.03(b).[5]

---

[5] At the time Franklin's request for counsel was made and denied, article 64.03(b) provided that the convicting court was prohibited from finding that identity was not an issue in the case solely on the basis of the applicant's guilty plea. Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3. The statute was amended effective September 1, 2007. Act of May 24, 2007, 80th Leg., R.S., ch. 1006, §§ 4, 5(b), 2007 Tex. Gen. Laws 3523, 3524-25. Any testing motion Franklin might file will be governed by the amended statute.

It is undisputed that biological evidence in the form of hair found in the deceased's hand is in the possession of the police and available for DNA testing. The potential significance of this evidence is plain. In his documents supporting his request for appointed counsel, Franklin stated that this hair "[c]ould prove they have wrong man, another suspect was left out of the investigation. I believe with a 51% certainty that if tested I will be proven innocent." In his pro se brief to this Court, Franklin urges that "it is reasonable that the victim would reach out and grab the hair of her attacker."

It remains to be determined whether Franklin can show himself entitled to forensic DNA testing of the hair, and nothing in this opinion should be construed as expressing an opinion on that question. Considering the purpose of chapter 64, however, we believe that Franklin's request for appointed counsel and the supporting documents warrant the conclusion that there are reasonable grounds for a testing motion to be filed. We conclude that the trial court abused its discretion by refusing to appoint counsel to assist Franklin in this chapter 64 proceeding.

The trial court's order is reversed and the cause is remanded for further proceedings consistent with this opinion.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Reversed and Remanded

Filed:   June 19, 2008

Do Not Publish

6