TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00563-CR







In re David Wayne Franklin







FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT


NO. 5264, HONORABLE CURT F. STEIB, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



David Wayne Franklin is serving the prison sentence he received after being
convicted of murdering his wife. (1) Franklin filed a pro se request for appointed counsel for the
purpose of seeking post-conviction DNA testing. Tex. Code Crim. Proc. Ann. art. 64.01(c)
(West 2006). The trial court found no reasonable grounds for a testing motion to be filed and denied
the request for appointed counsel. This appeal followed.

Prior to September 1, 2003, appeals in chapter 64 proceedings were expressly limited
to findings under articles 64.03 and 64.04. Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, art. 64.05,
2001 Tex. Gen. Laws 2, 4 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 64.05
(West 2006)); see Neveu v. Culver, 105 S.W.3d 641, 643 (Tex. Crim. App. 2003) (holding there was
no right to appeal trial court's failure to appoint counsel); Fry v. State, 112 S.W.3d 611, 613
(Tex. App.--Fort Worth 2003, pet. ref'd) (same). (2) As amended effective September 1, 2003, article
64.05 refers more generally to "[a]ppeals under this chapter." Tex. Code Crim. Proc. Ann. art. 64.05
(West 2006). Under article 64.05 as it now reads, an appeal lies from an order denying a request for
appointed counsel. James v. State, 196 S.W.3d 847, 849 (Tex. App.--Texarkana 2006, no pet.); see
Lewis v. State, 191 S.W.3d 225, 227-28 (Tex. App.--San Antonio 2005, pet. ref'd); In re Bowman,
No. 03-07-00418-CR, 2007 Tex. App. LEXIS 9500, at *2 (Tex. App.--Austin Dec. 5, 2007, no pet.)
(mem. op., not designated for publication). (3) But see Conlin v. State, 221 S.W.3d 907, 908
(Tex. App.--Beaumont 2007, no pet.) (holding that order denying request for appointed counsel was
not appealable under amended section 64.05).

The clerk's record contains a letter from Franklin to the Runnels County District
Clerk dated July 1, 2007, referring to the "[e]nclosed . . . Movant's Motion for Appointment of
Counsel, Order and Affidavit of Indigency" in this cause. At the bottom of this letter, there is a
notation, apparently by an employee of the clerk's office, "Postmarked 7-17-07." The record also
contains what appears to be the referenced request for appointed counsel and supporting documents,
including a copy of the police incident report and a copy of the autopsy report. On the face of the
request for counsel, the same person noted, "Dated 7-17-07" and "Filed 8-9-07."

The autopsy report contains this statement of the circumstances of death:

 

This 28 year old woman was found dead face down on the floor of her bedroom by
her father. Her father had been trying to contact her by phone and was unsuccessful. 
He called the police. He then went to look for her and found her. Her husband had
taken their child and is thought to have headed north to the Oklahoma border. The
child was dropped off with an acquaintance. The bathtub was full of water and her
pants were laying there. She was found dead and wearing a shirt. There is a history
of domestic violence. The husband was apprehended and admitted to strangulating
[sic] her with a shoelace. The shoelace was not found.



The police incident report recites that hair was found in the deceased's hands and bagged as
evidence. In his statement of reasons for testing attached to the request for appointed counsel,
Franklin states that there was no DNA testing of the hair. He wishes to have the hairs tested, saying
that he "believe[s] with a 51% certainty that if tested I will be proven innocent."

These documents were presented to the Honorable Curt Steib for a ruling. By a letter
to Franklin dated August 7, 2007, Judge Steib denied the request for counsel after finding that
reasonable grounds for a testing motion had not been shown. The letter states, "According to the
coroner's report death of Trisha Franklin was caused by strangulation. Before DNA testing can be
ordered the applicant must establish by a preponderance of the evidence that the applicant would not
have been convicted if exculpatory results had been obtained through DNA testing." The judge's
letter, like the other documents described above, was filed on August 9, 2007. Appellant's pro se
notice of appeal was filed on August 29, 2007.

While the appeal was pending, the Court received by mail a copy of a second letter
from Judge Steib to Franklin to which was appended a notarized statement by the Ballinger Chief
of Police stating that the hair found in the deceased's hand "appeared to be consistent with the
victim's hair on her head, and visually it was the same. Officers believed that during the
strangulation, the victim may have been attempting to pull on the ligature . . . and may have grabbed
her own hair in the process." The statement goes on to say that the hair was not tested because
Franklin confessed, and that the hair remains in the custody of the police. (4)

A convicted person is entitled to appointed counsel during a DNA testing proceeding
if: (1) the person informs the trial court that he wishes to submit a motion for testing, (2) the person
is indigent, and (3) the court finds reasonable grounds for a testing motion to be filed. Tex. Code
Crim. Proc. Ann. art. 64.01(c). There is no dispute that the first two requirements are satisfied in this
case. The only issue is whether there are reasonable grounds for a testing motion to be filed.

The statute does not define "reasonable grounds." It follows, however, that an
indigent inmate need not prove his entitlement to testing as a precondition for obtaining appointed
counsel to assist him in filing a testing motion. Instead, we believe that reasonable grounds for a
testing motion are present when the facts stated in the request for counsel or otherwise known to the
trial court reasonably suggest that a plausible argument for testing can be made. Conversely,
reasonable grounds for a testing motion are not present if the record before the trial court shows that
DNA testing is impossible or that no viable argument for testing can be made. See James,
196 S.W.3d at 850 (holding that reasonable grounds for testing not present when no
biological evidence existed); Lewis, 191 S.W.3d at 228 (holding that reasonable grounds for testing
not present when biological evidence had been destroyed); Bowman, 2007 Tex. App. LEXIS 9500,
at *3-4 (same).

 In its August 7, 2007 letter denying Franklin's request for counsel, the trial court
concluded that Franklin had not established by a preponderance of the evidence that he would not
have been convicted if exculpatory results had been obtained through DNA testing. That, however,
is the burden Franklin must meet to prove his entitlement for testing. See Tex. Code Crim. Proc.
Ann. art. 64.03(a)(2)(A) (West Supp. 2007). No motion for testing has yet been filed. Franklin was
not required to prove that a testing motion must be granted in order to establish his entitlement to
appointed counsel to assist him in filing a testing motion.

The State argues that identity was not and cannot be an issue because Franklin
confessed to the murder. See id. art. 64.03(a)(1)(B). However, a convicting court is prohibited from
finding that identity was not an issue in the case solely on the basis of the applicant's guilty plea,
confession, or other admission of guilt. Id. art. 64.03(b). (5)

It is undisputed that biological evidence in the form of hair found in the deceased's
hand is in the possession of the police and available for DNA testing. The potential significance of
this evidence is plain. In his documents supporting his request for appointed counsel, Franklin stated
that this hair "[c]ould prove they have wrong man, another suspect was left out of the investigation. 
I believe with a 51% certainty that if tested I will be proven innocent." In his pro se brief to this
Court, Franklin urges that "it is reasonable that the victim would reach out and grab the
hair of her attacker." 

It remains to be determined whether Franklin can show himself entitled to forensic
DNA testing of the hair, and nothing in this opinion should be construed as expressing an opinion
on that question. Considering the purpose of chapter 64, however, we believe that Franklin's request
for appointed counsel and the supporting documents warrant the conclusion that there are reasonable
grounds for a testing motion to be filed. We conclude that the trial court abused its discretion by
refusing to appoint counsel to assist Franklin in this chapter 64 proceeding.

The trial court's order is reversed and the cause is remanded for further proceedings
consistent with this opinion.

 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Reversed and Remanded

Filed: June 19, 2008

Do Not Publish
1. There was no appeal of this conviction.
2. The appointment of counsel was mandatory prior to the 2003 amendments. Act of
Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, art. 64.05, 2001 Tex. Gen. Laws 2, 4 (since amended)
(current version at Tex. Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2007)). Because of this,
and because there was no right to appeal the denial of counsel, mandamus was deemed the proper
vehicle by which to obtain relief if a request for appointed counsel was denied. Winters v. Presiding
Judge, 118 S.W.3d 773, 775-76 (Tex. Crim. App. 2003); Neveu v. Culver, 105 S.W.3d 641, 643
(Tex. Crim. App. 2003). The procedural consequences of the 2003 amendments to article 64.01(c)
and article 64.05 have not been addressed by the court of criminal appeals. But see Winters,
118 S.W.3d at 776 n.2; see also In re Ludwig, 162 S.W.3d 454 (Tex. App.--Waco 2005)
(orig. proceeding) (holding that appointment of counsel under amended article 64.01(c) is not
ministerial act subject to mandamus).
3. The clerk's record contains a trial court certification, signed by the Honorable Ben Woodward,
stating that Franklin has no right of appeal. See Tex. R. App. P. 25.2(a)(2). The certification cites
authority predating the 2003 amendment of article 64.05. At this point in the appellate process, no
purpose would be served by ordering a corrected certification.
4. A copy of this statement is also appended to the State's brief. Correspondence and briefs are
not part of the appellate record. See Tex. R. App. P. 34.1. However, both Franklin and the State
refer to the chief's statement in their briefs and, there being no apparent dispute as to its authenticity
or accuracy, we accept the statement at face value.
5. At the time Franklin's request for counsel was made and denied, article 64.03(b) provided that
the convicting court was prohibited from finding that identity was not an issue in the case solely on
the basis of the applicant's guilty plea. Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001
Tex. Gen. Laws 2, 3. The statute was amended effective September 1, 2007. Act of May 24, 2007,
80th Leg., R.S., ch. 1006, §§ 4, 5(b), 2007 Tex. Gen. Laws 3523, 3524-25. Any testing motion
Franklin might file will be governed by the amended statute.