# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-07-00655-CR

**In re Wanda Anderson**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. 9014243, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Wanda Anderson appeals from the district court's order denying her motion for forensic DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.01 (West Supp. 2007). We will affirm the order.

## BACKGROUND

On January 15, 2002, a jury convicted Anderson of the offense of aggravated robbery. *See* Tex. Penal Code Ann. § 29.03 (West 2003). The district court assessed punishment at 20 years' imprisonment.[1]

On July 7, 2005, Anderson filed a request for appointment of counsel to assist her in obtaining DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.01(c). On August 4, the district court issued an order that purported to deny Anderson's "Motion for DNA Testing." However, the

---

[1] This Court affirmed Anderson's conviction in *Anderson v. State*, No. 03-02-00330-CR, 2003 Tex. App. LEXIS 4604, at *8 (Tex. App.—Austin May 30, 2003, no pet.) (mem. op., not designated for publication).

record reflects that Anderson had not filed such a motion. Accordingly, the State filed a motion for nunc pro tunc order to correct what the State characterized as a clerical error in the district court's order. The district court granted the motion and issued a nunc pro tunc order denying Anderson's request for appointment of counsel.

On April 9, 2007, Anderson filed her motion for DNA testing. On October 16, the district court denied the motion. This appeal followed.

## ANALYSIS

In her first point of error, Anderson, acting pro se, asserts that the district court "denied her the right to legal assistance" in preparing the motion for DNA testing. We construe this point to be an attack on the district court's order denying Anderson's request for appointment of counsel. The State contends that we do not have jurisdiction to consider this issue because Anderson failed to timely file her notice of appeal from that order.

We agree with the State. In a criminal case, appeal is perfected by timely filing a sufficient notice of appeal. Tex. R. App. P. 25.2(b). The notice of appeal must be filed within 30 days after the day the trial court enters an appealable order. Tex. R. App. P. 26.2(a)(1). An order denying a request for counsel to assist in preparing a motion for post-conviction DNA testing is a final, appealable order. *See James v. State*, 196 S.W.3d 847, 849 (Tex. App.—Texarkana 2006, no pet.); *Lewis v. State*, 191 S.W.3d 225, 227-28 (Tex. App.—San Antonio 2005, pet. ref'd); *see also In re Bowman*, No. 03-07-00418-CR, 2007 Tex. App. LEXIS 9500, at *1-3 (Tex. App.—Austin Dec. 5, 2007, no pet.) (mem. op., not designated for publication). The district court's nunc pro tunc order denying Anderson's request for appointment of counsel was entered

2

on June 19, 2007. Anderson's notice of appeal was filed on November 9, 2007. Anderson did not timely file a notice of appeal from this order. Therefore, we do not have jurisdiction to consider the district court's order denying Anderson appointed counsel. We overrule Anderson's first point of error.

In her fourth point of error, Anderson attacks the merits of the district court's order denying her motion for DNA testing. Anderson filed her notice of appeal from this order, dated October 16, 2007, on November 9, 2007, within the 30-day deadline. *See* Tex. R. App. P. 26.2(a)(1). Because the notice of appeal was timely filed, we have jurisdiction to consider the merits of the district court's order denying Anderson's motion for DNA testing. To the extent the State's motion to dismiss seeks dismissal of Anderson's appeal from the DNA testing order, we overrule it.

In reviewing a trial court's decision to grant or deny a motion for DNA testing, "we afford almost total deference to a trial court's determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor, while we review de novo other application-of-law-to-fact issues." *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).

In her motion for DNA testing, Anderson asked that four items be tested. Each of these items were undisputedly stolen from the victim during the aggravated robbery. Anderson admitted in her motion that, at the time of her arrest, she had possession of the items sought to be tested. According to Anderson, she "came to be in possession of [the victim's] property by finding [the items] in a dumpster while collecting boxes to pack."

3

The district court found that, "Because the applicant concedes that she has heretofore possessed the items sought to be tested, the proposed DNA testing cannot yield results that would be exculpatory. Even if it is assumed that DNA testing would establish that none of the applicant's DNA is on any of those items, such a result would not tend to establish her innocence. Such a result would not tend to establish the manner by which the victim took possession of the victim's property. Nor would it tend to establish when she took possession of that property." The district court also found that Anderson "has not established, by a preponderance of the evidence, that she would not have been convicted if exculpatory results had been obtained through DNA testing." Based on these findings, the district court concluded that it did not "have the authority to order post-conviction DNA testing pursuant to Chapter 64."

On this record, we cannot conclude that the district court abused its discretion in denying Anderson's motion for DNA testing. "To be entitled to post-conviction DNA testing under Chapter 64 of the Code of Criminal Procedure, appellant bears the burden of establishing, by a preponderance of the evidence, that he 'would not have been convicted if exculpatory results had been obtained through DNA testing.'" *Wilson v. State*, 185 S.W.3d 481, 484 (Tex. Crim. App. 2006) (quoting Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A)); *Smith v. State*, 165 S.W.3d 361, 363-64 (Tex. Crim. App. 2005). Anderson has not satisfied this burden. The other evidence in this case, as summarized in this Court's previous opinion affirming Anderson's conviction,[2] included the eyewitness testimony of the victim, the testimony of a police officer who discovered the stolen property in Anderson's vehicle, and Anderson's admission during trial that she was in

---

[2] *See Anderson*, 2003 Tex. App. LEXIS 4604, at *1-5.

4

possession of the stolen items. Anderson failed to show how exculpatory DNA results would mitigate this other evidence. Therefore, she did not establish, "by a preponderance of the evidence, that she would not have convicted if exculpatory results had been obtained through DNA testing." *See Wilson*, 185 S.W.3d at 484. We overrule Anderson's fourth point of error.

In her second point of error, Anderson asserts that the district court "erred" in admitting her pretrial and in-court identifications. In her third point of error, Anderson claims that the district court made improper remarks to the jury. In her fifth point of error, Anderson alleges ineffective assistance of counsel during her underlying trial. These points constitute impermissible collateral attacks on Anderson's underlying judgment of conviction, and we do not have jurisdiction to consider them. *See Reger v. State*, 222 S.W.3d 510, 513 (Tex. App.—Fort Worth 2007, pet. ref'd). We overrule Anderson's second, third, and fifth points of error.

## CONCLUSION

Having overruled Anderson's points of error, we affirm the order of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: July 18, 2008

Do Not Publish

5