In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00038-CR
______________________________


DARREN KEITH JAMES, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 03-0355-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N

            Darren Keith James' motion for post-conviction forensic DNA testing, see Tex. Code Crim.
Proc. Ann. art. 64.01 (Vernon Supp. 2005), did not allege the existence of any biological material
that could be subjected to DNA testing, but merely stated that James' accuser was examined by a
doctor at the time the accusation was made. The trial court denied the motion because it failed to
specify what evidence James wished to have tested for DNA.
            James' sole issue on appeal concerns whether the trial court erred in denying the motion for
testing without first appointing an attorney to represent James in the proceeding. We affirm the trial
court's judgment because (1) we have plenary jurisdiction over this appeal, (2) we have
subject-matter jurisdiction, and (3) the trial court properly denied James' motion for court-appointed
counsel.
(1)       We Have Plenary Jurisdiction
            The issue of whether an appellate court has plenary jurisdiction may be raised by the court
itself at any time. See, e.g., Davis v. State, 141 S.W.3d 694, 696 (Tex. App.—Texarkana 2004, pet.
ref'd). In this case, a cursory review of the record from the court below might suggest we lack
plenary jurisdiction over this case. On Wednesday, January 18, 2006, the trial court denied James'
motion for DNA testing. On Tuesday, February 21, 2006, James filed his notice of appeal in the trial
court.


 The record from the trial court does not affirmatively demonstrate James had previously filed
a motion for new trial.
            "In a criminal case, appeal is perfected by timely filing a sufficient notice of appeal." Tex.
R. App. P. 25.2(b). The notice of appeal in a criminal case must be filed within thirty days from the
date the trial court enters its judgment, unless a timely filed motion for new trial has been filed. Tex.
R. App. P. 26.2(a). "The appellate court may extend the time to file the notice of appeal if, within
15 days after the deadline for filing the notice of appeal, the party: (a) files in the trial court the
notice of appeal; and (b) files in the appellate court a motion complying with Rule 10.5(b)." Tex.
R. App. P. 26.3 (referencing appellate rule regarding extensions of time). On February 23, 2006,
James filed a motion with this Court, asking for an extension of time to file his notice of appeal. 
That motion was timely filed within forty-five days of the trial court's judgment, and we granted
James' motion. James has, therefore, timely invoked this Court's appellate jurisdiction. See Tex.
R. App. P. 26.3.
(2)       We Have Subject-Matter Jurisdiction
            We next turn to another jurisdictional issue. The State contends we lack subject-matter
jurisdiction over James' sole point of error. The State asserts we should follow an unpublished
opinion by the Amarillo Court of Appeals in McGuire v. State


 and conclude we lack subject-matter
jurisdiction to consider any issue related to a trial court's failure to appoint counsel for post-conviction DNA testing. 
            The lack of subject-matter jurisdiction may be raised by any party, or by the court itself, at
any time. Saudi v. Brieven, 176 S.W.3d 108, 113 (Tex. App.—Houston [1st Dist.] 2004, pet.
denied). In McGuire, the appellant filed his application April 30, 2003. McGuire, 2003 Tex. App.
LEXIS 10100, at *1. The trial court denied his motion for post-conviction DNA testing without first
determining whether he was indigent and without providing court-appointed counsel, if needed. Id. 
McGuire appealed, arguing the trial court erred by not appointing counsel. Id.
            The Amarillo court first noted that a trial court has a mandatory duty to provide an indigent
applicant with appointed counsel for purposes of filing an application for post-conviction DNA
testing. Id., at *2 (citing Tex. Code Crim. Proc. Ann. art. 64.01(c) (Vernon Supp. 2004); Winters
v. Presiding Judge of Criminal Dist. Court No. Three of Tarrant County, 118 S.W.3d 773, 775 (Tex.
Crim. App. 2003) (orig. proceeding)). "Nevertheless," the Amarillo court continued, "the statute
provides for an appeal only of a finding under article 64.03 or 64.04 of the Code of Criminal
Procedure . . . ." McGuire, 2003 Tex. App. LEXIS 10100, at *3 (citing Tex. Code Crim. Proc.
Ann. art. 64.05 (Vernon Supp. 2003)). McGuire's appeal was from an order entered pursuant to
Article 64.01(c), which the Amarillo court concluded was nonappealable under Article 64.05.
            Effective September 1, 2003, the Texas Legislature amended Article 64.05 by removing the
limitation that an appealable order concern either Article 64.03 or Article 64.04. See Act of April 25,
2003, 78th Leg., R.S., Ch. 13, § 5, 2003 Tex. Gen. Laws 16, 17 (current version at Tex. Code Crim.
Proc. Ann. art. 64.05 (Vernon Supp. 2005)). Article 64.05, in its current form, provides:
            An appeal under this chapter is to a court of appeals in the same manner as
an appeal of any other criminal matter, except that if the convicted person was
convicted in a capital case and was sentenced to death, the appeal is a direct appeal
to the court of criminal appeals.
 
Tex. Code Crim. Proc. Ann. art. 64.05 (emphasis added). Because the applicable statute no longer
limits an appeal to rulings under Article 64.03 or 64.04, we disagree with the State's contention that
we lack subject-matter jurisdiction over James' appeal.
(3)       The Trial Court Properly Denied James' Motion for Court-Appointed Counsel
            The trial court denied James' request for court-appointed counsel in this matter after the court
determined James' "[a]pplication is fatally defective for failing to specify what evidence he desires
to be subjected to DNA testing."
            The Texas Legislature has mandated that a trial court provide court-appointed counsel to an
applicant pursuing post-conviction DNA testing, but only if three criteria are first met:
            (a)       the applicant must tell the trial court that he or she wishes to submit an application
for post-conviction DNA testing,
            (b)       the trial court must find reasonable grounds for the application to be filed, and
            (c)       the court must determine the applicant is indigent.

See Tex. Code Crim. Proc. Ann. art. 64.01(c). If any of these three criteria are missing, the trial
court has no statutory duty to appoint counsel. See Tex. Code Crim. Proc. Ann. art. 64.01(c).
            Neither James' application for DNA testing, nor his affidavit in support thereof, state, allege,
or even suggest that any biological evidence remains that could be subjected to DNA testing. His
affidavit merely states, "The accuser was infact [sic] examined by a Medical doctor at the time this
accusation was made." Such a statement amounts to no suggestion that any biological evidence was
obtained during, or retained from, any such examination.
            A motion for post-conviction DNA testing may request testing only of evidence containing
biological material "that was secured in relation to the offense that is the basis of the challenged
conviction . . . ." Tex. Code Crim. Proc. Ann. art. 64.01(b). James' motion does not make this
statutorily required request, nor does it allege facts which would form the basis of a finding that the
motion was reasonable. Accordingly, the trial court properly denied James' request for court-appointed counsel because his application fails to show there is any reasonable ground for the
application.
            For the reasons stated, we affirm the trial court's judgment.


                                                                        Josh R. Morriss, III
                                                                        Chief Justice

Date Submitted:          May 11, 2006
Date Decided:             June 16, 2006

Publish