**Jeremy Lee CONLIN, Appellant,**

v.

**The STATE Of Texas, Appellee.**

**No. 09–07–103 CR.**

Court of Appeals of Texas,
Beaumont.

April 18, 2007.

Jeremy Lee Conlin, Beaumont, pro se.

Michael A. McDougal, Dist. Atty., Gail Kikawa McConnell, Asst. Dist. Atty., for state.

Before McKEITHEN, C.J.,
GAULTNEY and KREGER, JJ.

## OPINION

CHARLES KREGER, Justice.

Jeremy Lee Conlin appeals an order denying his motion for appointment of counsel for the purpose of filing a motion for forensic DNA testing. *See* Tex.Code Crim. Proc. Ann. art. 64.01(c) (Vernon 2006). At the Court's request, the parties submitted briefs on issues of appellate jurisdiction. After reviewing those responses and the clerk's record, we hold that the notice of appeal does not invoke our appellate jurisdiction because the challenged order is not appealable at this time.

■ The trial court convicted Conlin of sexual assault of a child and imposed sentence on February 24, 2005. Less than two years later, Conlin filed a *pro se* motion for appointment of counsel to file a motion for re-testing of the DNA evidence relating to the assault. The State's response asserted the convicted person and the victim were previously known to each other so that identity was not an issue in the case. The order denying Conlin's motion to appoint counsel included findings that identity was not an issue and is not now an issue in the case, that the evidence had been subjected to DNA testing under current techniques, and that no reasonable grounds existed for a motion to be filed. Conlin did not file a motion for DNA testing, but appealed the ruling on his request for counsel.

■ Appeals under Chapter 64, Texas Code of Criminal Procedure, are taken in the same manner as appeals of any other criminal matters. Tex.Code Crim. Proc. Ann. art. 64.05 (Vernon 2006). An order regarding appointment of counsel is an interlocutory ruling that does not finally dispose of the issue of whether the convict-ed person is entitled to testing. *Fry v. State*, 112 S.W.3d 611, 613 (Tex.App.-Fort Worth 2003, pet. ref'd) (construing former version of article 64.05). The trial court's finding that no grounds exist for filing a motion for forensic DNA testing suggests the outcome of a potential motion for forensic DNA testing, but it is possible that in a *pro se* motion Conlin might allege facts sufficiently compelling for the trial court to reconsider its ruling and conduct a hearing. Conlin could raise denial of counsel as an appellate issue if the trial court denied the motion for forensic DNA testing. *See, e.g., James v. State*, 196 S.W.3d 847, 849 (Tex.App.-Texarkana 2006, no pet.); *Lewis v. State*, 191 S.W.3d 225, 227 (Tex.App.-San Antonio 2005, pet. ref'd). Mandamus relief might also be presently available, provided Conlin establishes a clear and indisputable right to appointment of counsel. *See, e.g., Neveu v. Culver*, 105 S.W.3d 641, 642 (Tex.Crim.App. 2003) (applying former version of article 64.01); *In re Ludwig*, 162 S.W.3d 454, 454–55 (Tex.App.-Waco 2005) (orig. proceeding).

We hold that the trial court's order denying the request for appointment of counsel is not appealable at this time. Accordingly, the appeal is dismissed.

APPEAL DISMISSED.

DAVID GAULTNEY, Justice, dissenting.

Respectfully, I dissent. This Court has jurisdiction. There is nothing on file with the district court that has not been decided. To simply dismiss the appeal on jurisdictional grounds leaves the cause open indefinitely with no further ruling required by the district court.

Appellant filed in district court only a document he titled "Application & Motion for Appointment of Counsel Under Article

64.01(c)(2) Tx Code of Crim Procedure, Senate Bill 3." The court signed an "Order on the Convicted Person's Motion for Appointment of Counsel" denying the motion. The district court found:

(1) identity was not and is not now an issue in this case,

(2) DNA testing under current techniques was conducted on the evidence, and

(3) there are no reasonable grounds for a motion to be filed.

Is it conceivable the district court denied the motion for appointment of counsel for the reasons stated in the order, and at the same time did not intend the order to be a denial of DNA testing under the statute? I do not see how. The district court found no reasonable grounds "for a motion to be filed."

The judge has determined there is no basis for DNA testing. This Court has jurisdiction to review the ruling. The district court ruled correctly in this case. I would affirm the order.