# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-07-00712-CR

In re Guadalupe Padilla

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
NO. 95-2802, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Guadalupe Padilla is serving a thirty-seven-year sentence imposed following his conviction for one count of aggravated sexual assault of a child and one count of indecency with a child by contact. On September 15, 2006, the trial court denied Padilla's pro se request for appointment of counsel to file a motion for DNA testing under section 64.01(c) of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2007).

On January 9, 2007, Padilla filed a second pro se request for appointment of counsel to file a motion for DNA testing. This request was denied by the trial court on December 7, 2007, and this appeal followed.[1]

A convicted person seeking DNA testing is entitled to appointed counsel only if the trial court finds "reasonable grounds" for a testing motion to be filed. *Id*. The trial court in this case

---

[1] Texas courts have determined that an appeal lies from an order denying an article 64.01(c) request for appointed counsel. *See James v. State*, 196 S.W.3d 847, 849 (Tex. App.—Texarkana 2006, no pet.); *Lewis v. State*, 191 S.W.3d 225, 227-28 (Tex. App.—San Antonio 2005, pet. ref'd); *see also In re Bowman*, No. 03-07-00418-CR, 2007 Tex. App. LEXIS 9500, at *2 (Tex. App.—Austin Dec. 5, 2007, no pet.) (mem. op., not designated for publication). *But see Conlin v. State*, 221 S.W.3d 907, 908 (Tex. App.—Beaumont 2007, no pet.).

found that there were no reasonable grounds for a testing motion, stating, "Because identity was not and is not an issue in this case, there are no 'reasonable grounds' for a motion for forensic DNA testing to be filed in this case." The trial court also noted that the victim knew Padilla prior to trial and that she positively identified him as the man who assaulted her.

However, in *Blacklock v. State*, 235 S.W.3d 231 (Tex. Crim. App. 2007), the court of criminal appeals held "[t]hat the victim testified that she knew appellant and identified him as her attacker is irrelevant to whether appellant's motion for DNA testing makes his identity an issue . . . ." *Id.* at 233.

Significantly, the State concedes in its brief on appeal that Padilla should be appointed counsel under article 64.01(c), citing *Blacklock* and stating, "The Appellant appears to be entitled to appointment of counsel." The State further requests that this case be remanded to the trial court for appointment of counsel.

In light of *Blacklock* and the State's position that Padilla is entitled to counsel, the order overruling Padilla's second request for appointment of counsel is reversed and this case is remanded for appointment of counsel under article 64.01(c) of the code of criminal procedure.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Reversed and Remanded

Filed: June 18, 2008

Do Not Publish