**Lawrence Wayne ATKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–06–00804–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 15, 2008.

Discretionary Review Refused
Nov. 5, 2008.

Lawrence Wayne Atkins, Huntsville, pro se.

David Bosserman, Angleton, for state.

Panel consists of Justices FOWLER, FROST, and SEYMORE.

**OPINION**

WANDA McKEE FOWLER, Justice.

Appellant, Lawrence Wayne Atkins, was indicted on the offenses of aggravated sexual assault and prohibited sexual conduct. The jury convicted him, and after finding enhancements true, assessed punishment at life imprisonment. Appellant filed a *pro se* motion for appointment of counsel to seek DNA testing under chapter 64 of the

Code of Criminal Procedure.[1] The State opposed the motion. In this appeal, appellant complains of the trial court's order denying appointment of counsel. We affirm.

## Factual and Procedural Background

In November of 1998, a jury found appellant guilty of aggravated sexual assault and prohibited sexual conduct. The jury assessed punishment at life imprisonment, and the trial court sentenced him accordingly. Appellant's conviction was affirmed in an unpublished opinion by this Court. *See Atkins v. State*, No. 14–98–01368–CR, 2001 WL 459877, at *1 (Tex.App.-Houston [14th Dist.] May 3, 2001, no pet.) (not designated for publication).

On July 21, 2006, appellant filed a second *pro se* motion for appointment of counsel to seek DNA testing, which the State opposed. The State asserted that appellant was not entitled to the appointment of counsel under article 64.01(c) of the Code of Criminal Procedure because he failed to show "reasonable grounds" for the motion to be filed. The trial court denied appellant's motion. This appeal followed.

## Analysis of Appellant's Issue

In his sole issue, appellant challenges the denial of his second motion for appointment of counsel. Relying on cases interpreting the former version of article 64.01(c),[2] appellant contends that he made the required showing under the statute, and that he is therefore entitled to court-appointed counsel to file a motion for DNA testing, because he (1) requested that counsel be appointed for the purpose of filing a motion for DNA testing; and (2) demonstrated that he is indigent. The current version of the statute added a requirement so that a person requesting DNA testing under the statute must meet the two requirements just listed, and the court must find reasonable grounds for a motion to be filed.[3] Alternatively, appellant asserts that (1) the "reasonable grounds" requirement "appears to be related only to indigent matters," and repeatedly argues that he has proven his indigence; and (2) the "reasonable grounds" requirement applies only to "an actual DNA testing motion," rather than to a motion for appointment of counsel under article 64.01(c), stressing that his motion was only for appointment of counsel.

1. This was the second *pro se* motion for appointment of counsel filed by appellant. The first one also was denied, but appellant's appeal was dismissed as untimely. *See Atkins v. State*, No. 14–06–00493–CR, 2006 WL 1765898, at *1 (Tex.App.-Houston [14th Dist.] June 29, 2006, no pet.) (mem. op., not designated for publication).

2. As originally written in 2001, article 64.01(c) provided that a defendant was entitled to the appointment of counsel for the purpose of filing a motion for DNA testing merely upon requesting counsel and establishing indigence. Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, art. 64.01(c), 2001 Tex. Gen. Laws 2, 3 (amended 2003) (current version at TEX.CODE CRIM. PROC. art. 64.01(c)); *see Winters v. Presiding Judge of the Criminal Dist. Court No. Three of Tarrant County*, 118 S.W.3d 773, 775 (Tex.Crim.App.2003).

3. Effective September 1, 2003, the legislature amended article 64.01(c) to read, in pertinent part, as follows:

   A convicted person is entitled to counsel during a proceeding under this chapter. The convicting court shall appoint counsel for the convicted person if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent.

   *See* TEX.CODE CRIM. PROC. art. 64.01(c); *Lewis v. State*, 191 S.W.3d 225, 227 (Tex.App.-San Antonio 2005, pet. ref'd). The current version of article 64.01(c) applies to motions for appointment of counsel filed after the effective date of the amendment. Act of Apr. 25, 2003, 78th Leg., R.S., ch. 13, § 8, 2003 Tex. Gen. Laws 16, 17.

### 1. Not an Interlocutory Appeal

■ As a preliminary matter, the State contends that appellant is not permitted to appeal the trial court's denial of his motion for appointment of counsel under article 64.01(c) because the trial court's order was interlocutory. The State asserts that appellant could proceed with a motion for DNA testing regardless of the trial court's ruling on the motion to appoint counsel. The State argues that because appellant is only appealing the trial court's denial of his motion for appointment of counsel—and not the denial of a motion for DNA testing—this appeal is therefore interlocutory, and the trial court's ruling on the motion for appointment of counsel is not reviewable at this time. We disagree.

Before September 1, 2003, appeals from chapter 64 proceedings were expressly limited to findings under articles 64.03 and 64.04. Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, art. 64.05, 2001 Tex. Gen. Laws 2, 4 (amended 2003) (current version at Tex.Code Crim. Proc. art. 64.05); *see Neveu v. Culver*, 105 S.W.3d 641, 643 (Tex. Crim.App.2003) (holding there was no right to appeal trial court's failure to appoint counsel under former version of article 64.05); *Fry v. State*, 112 S.W.3d 611, 613 (Tex.App.-Fort Worth 2003, pet. ref'd) (same). As amended effective September 1, 2003, article 64.05 refers more generally to "[a]ppeals under this chapter." Tex. Code Crim. Proc. art. 64.05. At least three other courts of appeals either have determined that an appeal lies from an order

denying an article 64.01(c) motion for appointment of counsel or have addressed this type of claim when it came before them by appeal from the denial of a motion to appoint counsel.[4] *James v. State*, 196 S.W.3d 847, 849 (Tex.App.-Texarkana 2006, no pet.) (holding that an appeal lies from an order denying an article 64.01(c) motion for appointment of counsel); *In re David Wayne Franklin*, No. 03–07–00563–CR, 2008 WL 2468712, at *1 (Tex.App.-Austin June 19, 2008, no pet.) (mem. op., not designated for publication) (same); *In re A.D. Bowman*, No. 03–07–00418–CR, 2007 WL 4269842, at *1 (Tex.App.-Austin Dec.5, 2007, no pet.) (mem. op., not designated for publication) (same); *see also Lewis*, 191 S.W.3d at 227–28 (addressing merits of appeal brought from denial of motion to appoint counsel). We agree with this conclusion and therefore will address appellant's issue.

### 2. Reasonable Grounds In Support of a Motion for DNA Testing to be Filed

■ The question before us is whether the trial court abused its discretion when it denied appellant's motion for appointment of counsel to represent appellant in his request for DNA testing. As we noted earlier, a court shall appoint counsel for a convicted person if the person

- informs the court that the person wishes to submit a motion under chapter [64];
- the court determines the person is indigent[5]; and

---

**4.** In contrast, the Beaumont Court of Appeals has held that an order regarding appointment of counsel under article 64.01(c) is an interlocutory ruling that does not finally dispose of the issue of whether the convicted person is entitled to DNA testing, and is therefore not appealable until a motion for DNA testing is ruled upon by the trial court. *Conlin v. State*, 221 S.W.3d 907, 908 (Tex.App.-Beaumont 2007, no pet). However, we note that, in *Conlin*, the court of appeals based its holding

on a case interpreting the former version of article 64.05. *See id.* (citing *Fry*, 112 S.W.3d at 613). We find no such limitation in the current version of article 64.05.

**5.** Although this element does not appear to place a burden on the appellant to show his indigence, the Court of Criminal Appeals has held that the convicted person must prove his indigence. *See Winters*, 118 S.W.3d at 775.

• the court finds reasonable grounds for a motion to be filed.

TEX.CODE CRIM. PROC. art. 64.01(c). Neither party disputes that appellant met the first two requirements by expressing his wish to submit a motion for DNA testing and by showing his indigence. The only question before us is whether the court wrongly found no reasonable grounds for a DNA-testing motion to be filed. The phrase "reasonable grounds" is not defined within the statute.

We first consider appellant's position that the phrase relates "to indigent matters." The phrase clearly does not relate to indigence. Even in the earlier version of article 64.01(c) that did not contain the reasonable-grounds requirement, the statute was interpreted to mean that counsel would be appointed only after a convicted person proved his or her indigence. *See Winters,* 118 S.W.3d at 775. With this full burden already on the convicted person, no additional proof remains regarding indigence.

■ In addition, a plain reading of the statute leads us to conclude that the reasonable-grounds element is an additional hurdle a person must meet in order to have a lawyer appointed, and not merely a modifier of the indigence element. When the legislature amended paragraph (c) of article 64.01, it added the reasonable-grounds phrase and bordered it by commas to reflect that it was separate from the two elements originally contained in the paragraph. And, the reasonable-grounds element was placed before the indigence element, not after it, where a modifier normally would be placed. Thus, in the statute the relevant elements are listed like this: "[1] the person informs the court that the person wishes to submit a motion under this chapter, [2] the court finds reasonable grounds for a motion to be filed, and [3] the court determines that the person is indigent." TEX.CODE CRIM. PROC. art. 64.01(c). If the legislature wanted to tie reasonable grounds to indigence and not to some other factor, it easily could have done this when it re-wrote the paragraph by combining the reasonable-grounds finding with proof of indigence. The legislature chose not to do this and listed the elements separately. For these reasons we hold that "reasonable grounds" does not relate to indigence.[6]

We turn next to the parties' dueling claims as to the meaning of "reasonable grounds." Appellant claims that the "reasonable grounds" requirement relates to "an actual DNA testing motion." The State appears to argue that "reasonable grounds" refers to the elements a convicted person must show to obtain testing. *See* TEX.CODE CRIM. PROC. art. 64.03.

This case does not require us to resolve the dispute and define "reasonable grounds"[7] because appellant has failed to

---

**6.** We also note that the bill analysis does not mention indigence in its explanation for the addition of the reasonable-grounds element. *See* House Comm. on Criminal Jurisprudence, Bill Analysis, Tex. H.B. 1011, 78th Leg., R.S. (2003). Instead, the analysis states that the addition was made to stop the "flood" of letters from inmates asking for DNA testing without showing whether DNA testing would be appropriate or potentially useful. *See id.* Thus, as we observed above from the plain text of the statute, this element is an additional hurdle that must be met.

**7.** One court has directly addressed this issue, concluding that "reasonable grounds for a testing motion are present when the facts stated in the request for counsel or otherwise known to the trial court reasonably suggest that a plausible argument for testing can be made." *See In re David Wayne Franklin,* 2008 WL 2468712, at *2. Several other courts also have considered the issue, but they did not need to define the phrase because the records in both cases showed that no DNA material existed. *See James,* 196 S.W.3d at 850; *Lewis,* 191 S.W.3d at 227–28. Appel-

allege even that DNA was taken and exists. His motion states the following:

- "[t]here exists a reasonable probability that DNA [t]esting will establish the Defendant's [i]nnocence [b]eyond a[r]easonable [d]oubt"; and

- "had [scientific] DNA [t]esting been conducted prior to trial, exculpatory test results would establish defendant's innocence and no reasonable jury would have convicted defendant in the instant cause."

These two statements in appellant's motion are merely bits of language from chapter 64 that tell us nothing concerning the underlying issue in a motion to test—whether any evidence containing biological material was ever taken to begin with. In addition, the *record* contains no indications that such evidence may have been taken from the scene of the crime or from appellant or the victim.[8]

Thus, we cannot conclude that the trial court erred in denying the motion for DNA testing because there is no claim that biological evidence exists or was taken, nor anything in the record before us to show that biological evidence might have existed in the past.[9]

## Conclusion

Having addressed and overruled appellant's sole issue, we affirm the trial court's order denying appointment of an attorney to file a motion for forensic DNA testing.

lant's motion does not meet even the liberal rule set by the Austin Court of Appeals in *In re David Wayne Franklin.*

8. A record before a court of appeals in this type of case will seldom, if ever, reflect whether biological evidence was taken or exists unless the appellant attaches an affidavit to his motion or unless the prosecutor reveals this sort of information in response to a motion for appointment of counsel. In several of the cases mentioned above, district attorneys revealed through their responses that no biological evidence currently existed. A court of appeals record typically will contain only the motion and any secondary motions or other documents filed in connection with the motion and the court's order.

9. Given our resolution of appellant's sole issue on appeal, we do not address the State's argument that appellant failed to adequately brief his claim to this Court.