Affirmed and Opinion filed July 15, 2008








Affirmed and Opinion filed July 15, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00804-CR

____________

 

LAWRENCE WAYNE ATKINS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 34410-2

 



 

O P I N I O N








Appellant, Lawrence Wayne Atkins, was indicted on the
offenses of aggravated sexual assault and prohibited sexual conduct.  The jury
convicted him, and after finding enhancements true, assessed punishment at life
imprisonment.  Appellant filed a pro se motion for appointment of
counsel to seek DNA testing under chapter 64 of the Code of Criminal Procedure.[1] 
The State opposed the motion.  In this appeal, appellant complains of the trial
court=s order denying
appointment of counsel.  We affirm.

Factual
and Procedural Background

In November of 1998, a jury found appellant guilty of
aggravated sexual assault and prohibited sexual conduct.  The jury assessed
punishment at life imprisonment, and the trial court sentenced him
accordingly.  Appellant=s conviction was affirmed in an
unpublished opinion by this Court. See Atkins v. State, No.
14-98-01368-CR, 2001 WL 459877, at *1 (Tex. App.CHouston [14th
Dist.] May 3, 2001, no pet.) (not designated for publication).

On July 21, 2006, appellant filed a second pro se motion
for appointment of counsel to seek DNA testing, which the State opposed.  The
State asserted that appellant was not entitled to the appointment of counsel
under article 64.01(c) of the Code of Criminal Procedure because he failed to
show Areasonable grounds@ for the motion to
be filed.  The trial court denied appellant=s motion.  This
appeal followed.

Analysis
of Appellant=s Issue








In his sole issue, appellant challenges the denial of his
second motion for appointment of counsel.  Relying on cases interpreting the former
version of article 64.01(c),[2]
appellant contends that he made the required showing under the statute, and
that he is therefore entitled to court-appointed counsel to file a motion for
DNA testing, because he (1) requested that counsel be appointed for the purpose
of filing a motion for DNA testing; and (2) demonstrated that he is indigent. 
The current version of the statute added a requirement so that a person
requesting DNA testing under the statute must meet the two requirements just
listed, and the court must find reasonable grounds for a motion to be filed.[3] 
Alternatively, appellant asserts that (1) the Areasonable grounds@ requirement Aappears to be
related only to indigent matters,@ and repeatedly
argues that he has proven his indigence; and (2) the Areasonable grounds@ requirement
applies only to Aan actual DNA testing motion,@ rather than to a
motion for appointment of counsel under article 64.01(c), stressing that his
motion was only for appointment of counsel.

1.       Not an
Interlocutory Appeal

As a preliminary matter, the State contends that appellant
is not permitted to appeal the  trial court=s denial of his
motion for appointment of counsel under article 64.01(c) because the trial
court=s order was
interlocutory.  The State asserts  that appellant could proceed with a motion
for DNA testing regardless of the trial court=s ruling on the motion
to appoint counsel. The State argues that because appellant is only appealing
the trial court=s denial of his motion for appointment of
counselCand not the denial
of a motion for DNA testingCthis appeal is therefore interlocutory,
and the trial court=s ruling on the motion for appointment of
counsel is not reviewable at this time.  We disagree.








Before September 1, 2003, appeals from chapter 64
proceedings were expressly limited to findings under articles 64.03 and 64.04.
Act of April 3, 2001, 77th Leg., R.S., ch. 2, _ 2, art. 64.05,
2001 Tex. Gen. Laws 2, 4 (amended 2003) (current version at Tex. Code Crim. Proc. art. 64.05); see
Neveu v. Culver, 105 S.W.3d 641, 643 (Tex. Crim. App. 2003) (holding there
was no right to appeal trial court=s failure to
appoint counsel under former version of article 64.05); Fry v. State,
112 S.W.3d 611, 613 (Tex. App.CFort Worth 2003, pet. ref=d) (same).  As
amended effective September 1, 2003, article 64.05 refers more generally to A[a]ppeals under
this chapter.@ Tex. Code
Crim. Proc. art. 64.05.  At least three other courts of appeals either
have determined that an appeal lies from an order denying an article 64.01(c)
motion for appointment of counsel or have addressed this type of claim when it
came before them by appeal from the denial of a motion to appoint counsel.[4]
James v. State, 196 S.W.3d 847, 849 (Tex. App.CTexarkana 2006, no
pet.) (holding that an appeal lies from an order denying an article 64.01(c)
motion for appointment of counsel); In re David Wayne Franklin, No.
03-07-00563-CR, 2008 WL 2468712, at *1 (Tex. App.CAustin June 19,
2008, no pet.) (mem. op., not designated for publication) (same); In re A.D.
Bowman, No. 03-07-00418-CR, 2007 WL 4269842, at *1 (Tex. App.CAustin Dec. 5,
2007, no pet.) (mem. op., not designated for publication) (same); see also
Lewis, 191 S.W.3d at 227B28 (addressing merits of appeal brought
from denial of motion to appoint counsel).  We agree with this conclusion and
therefore will address appellant=s issue.








2.       Reasonable
Grounds In Support of  a Motion for DNA Testing to be Filed

The question before us is whether the trial court abused
its discretion when it denied appellant=s motion for
appointment of counsel to represent appellant in his request for DNA testing. 
As we noted earlier, a court shall appoint counsel for a convicted person if
the person

#                  
informs the
court that the person wishes to submit a motion under chapter [64];

#                  
the court
determines the person is indigent[5];
and

#                  
the
court finds reasonable grounds for a motion to be filed.

Tex. Code Crim. Proc. art. 64.01(c).  Neither party
disputes that appellant met the first two requirements by expressing his wish
to submit a motion for DNA testing and by showing his indigence.  The only
question before us is whether the court wrongly found no reasonable grounds for
a DNA-testing motion to be filed. The phrase Areasonable grounds@ is not defined
within the statute.

We first consider appellant=s position that
the phrase relates Ato indigent matters.@  The phrase
clearly does not relate to indigence.  Even in the earlier version of article
64.01(c) that did not contain the reasonable-grounds requirement, the statute
was interpreted to mean that counsel would be appointed only after a convicted
person proved his or her indigence. See Winters, 118 S.W.3d at 775.  With this full burden
already on the convicted person, no additional proof remains regarding
indigence.








In addition, a plain reading of the statute
leads us to conclude that the reasonable-grounds element is an additional
hurdle a person must meet in order to have a lawyer appointed, and not merely a
modifier of the indigence element.  When the legislature amended paragraph (c)
of article 64.01, it added the reasonable-grounds phrase and bordered it by
commas to reflect that it was separate from the two elements originally
contained in the paragraph.  And, the reasonable-grounds element was placed
before the indigence element, not after it, where a modifier normally would be
placed.  Thus, in the statute the relevant elements are listed like this: A[1] the person informs the court that the person wishes to
submit a motion under this chapter, [2] the court finds reasonable grounds for
a motion to be filed, and [3] the court determines that the person is indigent.@ Tex. Code Crim.
Proc. art. 64.01(c).  If the legislature wanted to tie reasonable
grounds to indigence and not to some other factor, it easily could have done
this when it re-wrote the paragraph by combining the reasonable-grounds finding
with proof of indigence.  The legislature chose not to do this and listed the
elements separately.  For these reasons we hold that Areasonable grounds@ does
not relate to indigence.[6]

We turn next to the parties= dueling claims as to the meaning of Areasonable grounds.@ 
Appellant claims that the Areasonable
grounds@ requirement relates to Aan
actual DNA testing motion.@  The
State appears to argue that Areasonable
grounds@ refers to the elements a convicted person must show to
obtain testing. See Tex. Code
Crim. Proc. art. 64.03.

This case does not require us to resolve the
dispute and define Areasonable
grounds@[7]
because appellant has failed to allege even that DNA was taken and exists.  
His motion states the following:

#                  
A[t]here exists a reasonable probability that DNA [t]esting will
establish the Defendant=s [i]nnocence [b]eyond a [r]easonable [d]oubt@; and 








#                  
Ahad [scientific] DNA [t]esting been conducted prior to
trial, exculpatory test results would establish defendant=s innocence and no reasonable jury would have convicted
defendant in the instant cause.@

These two statements in appellant=s
motion are merely bits of language from chapter 64 that tell us nothing
concerning the underlying issue in a motion to testCwhether any evidence containing biological material was
ever taken to begin with.  In addition, the record contains no
indications that such evidence may have been taken from the scene of the crime
or from appellant or the victim.[8]

Thus, we cannot conclude that the trial court
erred in denying the motion for DNA testing because there is no claim that
biological evidence exists or was taken, nor anything in the record before us
to show that biological evidence might have existed in the past.[9]

Conclusion

Having addressed and
overruled appellant=s sole issue, we affirm the trial court=s order denying
appointment of an attorney to file a motion for forensic DNA testing.

 

 

 

/s/      Wanda McKee
Fowler

Justice

 

Judgment
rendered and Opinion filed July 15, 2008.

Panel
consists of Justices Fowler, Frost, and Seymore.

Publish C
Tex. R. App. P. 47.2(b).









[1]  This was the second pro se motion for
appointment of counsel filed by appellant.  The first one also was denied, but
appellant=s appeal was dismissed as untimely. See Atkins v.
State, No. 14-06-00493-CR, 2006 WL 1765898, at *1 (Tex. App.CHouston [14th Dist.] June 29, 2006, no pet.) (mem.
op., not designated for publication).





[2]  As originally written in 2001, article 64.01(c) provided that a
defendant was entitled to the appointment of counsel for the purpose of filing
a motion for DNA testing merely upon requesting counsel and establishing indigence.
Act of April 3, 2001, 77th Leg., R.S., ch. 2, _ 2, art. 64.01(c), 2001 Tex. Gen. Laws 2, 3 (amended 2003)
(current version at Tex. Code Crim. Proc.
art. 64.01(c)); see Winters v.
Presiding Judge of the Criminal Dist. Court No. Three of Tarrant County,
118 S.W.3d 773, 775 (Tex. Crim. App. 2003).





[3]  Effective September 1, 2003, the legislature amended article 64.01(c)
to read, in pertinent part, as follows:

 

A convicted person is entitled to
counsel during a proceeding under this chapter.  The convicting court shall
appoint counsel for the convicted person if the person informs the court that
the person wishes to submit a motion under this chapter, the court finds
reasonable grounds for a motion to be filed, and the court determines that the
person is indigent.

 

See Tex. Code Crim. Proc. art. 64.01(c); Lewis v. State, 191 S.W.3d 225, 227 (Tex.
App.CSan Antonio 2005, pet. ref=d).  The current version of article 64.01(c) applies
to motions for appointment of counsel filed after the effective date of the
amendment. Act of Apr. 25, 2003, 78th Leg,, R.S., ch. 13, _ 8, 2003 Tex. Gen. Laws 16, 17.





[4]  In contrast, the Beaumont Court of Appeals has held
that an order regarding appointment of counsel under article 64.01(c) is an
interlocutory ruling that does not finally dispose of the issue of whether the
convicted person is entitled to DNA testing, and is therefore not appealable
until a motion for DNA testing is ruled upon by the trial court. Conlin v.
State, 221 S.W.3d 907, 908 (Tex. App.CBeaumont
2007, no pet).  However, we note that, in Conlin, the court of appeals
based its holding on a case interpreting the former version of article 64.05. See
id. (citing Fry, 112 S.W.3d at 613).  We find no such limitation in
the current version of article 64.05.





[5]  Although this element does not appear to place a
burden on the appellant to show his indigence, the Court of Criminal Appeals
has held that the convicted person must prove his indigence. See Winters,
118 S.W.3d at 775.





[6]  

We also note
that the bill analysis does not mention indigence in its explanation for the
addition of the reasonable-grounds element. See House Comm. on Criminal
Jurisprudence, Bill Analysis, Tex. H.B. 1011, 78th Leg., R.S. (2003).  Instead,
the analysis states that the addition was made to stop the Aflood@ of letters
from inmates asking for DNA testing without showing whether DNA testing would
be appropriate or potentially useful. See id.  Thus, as we observed
above from the plain text of the statute, this element is an additional hurdle
that must be met.





[7]  One court has directly addressed this issue,
concluding that Areasonable grounds for a testing motion are present
when the facts stated in the request for counsel or otherwise known to the
trial court reasonably suggest that a plausible argument for testing can be
made.@ See In re David Wayne Franklin, 2008 WL
2468712, at *2.  Several other courts also have considered the issue, but they
did not need to define the phrase because the records in both cases showed that
no DNA material existed. See James, 196 S.W.3d at 850; Lewis, 191
S.W.3d at 227B28.  Appellant=s
motion does not meet even the liberal rule set by the Austin Court of Appeals
in In re David Wayne Franklin.





[8]  A record before a court of appeals in this type of
case will seldom, if ever, reflect whether biological evidence was taken or
exists unless the appellant attaches an affidavit to his motion or unless the
prosecutor reveals this sort of information in response to a motion for
appointment of counsel.  In several of the cases mentioned above, district
attorneys revealed through their responses that no biological evidence 
currently existed.  A court of appeals record typically will contain only the
motion and any secondary motions or other documents filed in connection with
the motion and the court=s order.





[9]  Given our resolution of appellant=s sole issue on appeal, we do not address the State=s argument that appellant failed to adequately brief
his claim to this Court.