James Warren BRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–09–0115–CR.

Court of Appeals of Texas,
Amarillo,
Panel A.

Sept. 16, 2009.

James Warren Bright, Snyder, TX, pro se.

Kollin Shadle, Assistant Criminal district Attorney, Lubbock, TX, for Appellee.

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION ON JURISDICTION**

PER CURIAM.

Appellant James Warren Bright filed notice of appeal from an order of the trial court denying his motion for appointment of counsel in a proceeding for forensic DNA testing pursuant to Chapter 64 of the Code of Criminal Procedure.[1] The record does not indicate appellant has filed a motion for DNA testing supported by affidavit. *See* Tex.Code Crim. Proc. art. 64.01(a) (Vernon Supp. 2008). Thus we questioned whether our appellate jurisdiction extends to the immediate appeal of an order denying appointment of counsel in a Chapter 64 proceeding. On our own motion, we abated the case to assess our jurisdiction.

Article 64.01 provides that a convicted person may submit a motion to the convicting court for forensic DNA testing of evidence containing biological material. Tex. Code Crim. Proc. Ann. art. 64.01(a) (Vernon Supp. 2008). The motion must be accompanied by an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion. *Id.* The statute provides the court shall appoint counsel if the convicted person informs the court of a wish to submit a motion under Chapter 64, and the court finds reasonable grounds for a motion to be filed and determines the person is indigent. Tex.Code Crim. Proc. Ann. art. 64.01(c) (Vernon Supp. 2008).

Article 64.05 concerns appeals. As originally enacted, article 64.05 in pertinent part provided, "[a]n appeal of a finding under Article 64.03 [denial of DNA testing] or 64.04 [finding of trial court on testing of DNA] is to a court of appeals. . . ." Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 4 *amended by* Act of May 9, 2003, 78th Leg., R.S., ch. 13, § 5, 2003 Tex. Gen. Laws 16, 16–17 (current

---

1. Tex.Code Crim. Proc. Ann. arts. 64.01–64.05 (Vernon 2006 & Supp. 2008).

version at Tex.Code Crim. Proc. Ann. art. 64.05 (Vernon 2006)). That version of article 64.05 gave no right of appeal of a trial court's failure to appoint counsel. *Neveu v. Culver*, 105 S.W.3d 641, 643 (Tex.Crim. App.2003). *Cf. Fry v. State*, 112 S.W.3d 611, 613 (Tex.App.-Fort Worth 2003, pet. refused) (under former version of article 64.05, court of appeals lacked jurisdiction to review trial court's interlocutory denial of appellant's request for appointment of counsel).

In 2003, article 64.05 was amended to its present form which in pertinent part provides, "[a]n appeal under this chapter is to a court of appeals in the same manner as an appeal of any other criminal matter, . . . ." Act of May 9, 2003, 78th Leg., R.S., ch. 13, § 5, 2003 Tex. Gen. Laws 16, 16–17 (current version at Tex.Code Crim. Proc. Ann. art. 64.05 (Vernon 2006)).

In cases subject to the amended version of article 64.05, it appears generally accepted that an order denying appointment of counsel under article 64.01(c) may be challenged on appeal. *See James v. State*, 196 S.W.3d 847, 849 (Tex.App.-Texarkana 2006, no pet.) (trial court denied appellant's motion for DNA testing and on review appellate court held an appeal lies from an order denying article 64.01(c) motion for appointment of counsel); *Lewis v. State*, 191 S.W.3d 225, 227–28 (Tex.App.-San Antonio 2005, pet. refused) (denial of request for counsel raised in appeal from denial of motion for DNA testing); *cf. Conlin v. State*, 221 S.W.3d 907, 908 (Tex. App.-Beaumont 2007, no pet.) (right of appeal noted in dicta).

Important to the more narrow inquiry here, at least three courts have reached the merits of an immediate appeal of an order denying appointment of counsel under article 64.01(c). *See Atkins v. State*, 262 S.W.3d 413, 415 (Tex.App.-Houston [14th Dist.] 2008, pet. refused) (immediate appeal of order denying counsel under article 64.01(c) not impermissible interlocutory appeal); *In re Franklin*, No. 03–07–00563–CR, 2008 WL 2468712, at *1 (Tex. App.-Austin June 19, 2008, no pet.) (mem. op., not designated for publication) (appeal of order denying request for appointed counsel allowed before motion for testing was filed); *In re Bowman*, No. 03–07–00418–CR, 2007 WL 4269842, at *1 (Tex. App.-Austin Dec. 5, 2007, no pet.) (mem. op., not designated for publication) (same); *Spruce v. State*, No. 06–05–00077–CR, 2005 WL 1959121, at *1–2 (Tex.App.-Texarkana August 17, 2005, no pet.) (mem. op., not designated for publication) (merits of order denying appointment of counsel disposed of on immediate appeal without discussion of jurisdiction). Conversely, in *Conlin*, a divided court found an order denying appointment of counsel was an unappealable interlocutory order. 221 S.W.3d at 908.

Although it is unclear to us that the Legislature intended, by its 2003 amendment of article 64.05, to authorize immediate appeals of the denial of counsel requested under article 64.01(c), we will join the majority of our sister courts who have considered the question, and will permit such appeals. In doing so, we find applicable Justice Brandeis's oft-quoted observation that "in most matters it is more important that the applicable rule of law be settled than that it be settled right." *Burnet v. Coronado Oil & Gas Co.*, 285 U.S. 393, 406, 52 S.Ct. 443, 447, 76 L.Ed. 815 (1932) C.B. 265, 1932–1 C.B. 265 (1932) (Brandeis, J., dissenting).

Finding we have jurisdiction over the present appeal, we dissolve the abatement.