# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-09-00212-CR

---

**In re A. D. Bowman**

---

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
NO. 13,395-B, HONORABLE BEN WOODWARD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

In 1983, A.D. Bowman was convicted of the offense of aggravated sexual assault and sentenced to forty years' imprisonment. Since the enactment of chapter 64 of the code of criminal procedure, Bowman has filed a succession of requests for appointment of counsel in connection with an anticipated post-conviction motion for DNA testing. All of Bowman's requests for counsel have been denied. In this appeal, Bowman brings a single issue challenging the district court's order denying his most recent request for counsel, his fourth. We will affirm the district court's order.

Post-conviction motions for DNA testing are governed by chapter 64 of the code of criminal procedure. Under chapter 64, a convicted person is entitled to appointed counsel in seeking DNA testing only if: (1) the person informs the trial court that he wishes to submit a motion for testing, (2) the person is indigent, and (3) the court finds reasonable grounds for a testing motion to be filed. Tex. Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2008).

Bowman filed his first request for appointed counsel under chapter 64 in October 2003. The district court ordered the district attorney's office to investigate and report whether any biological evidence had remained from the criminal investigation two decades earlier on which DNA testing would be possible. On February 13, 2006, the district attorney advised the district court that neither its office nor the police department had possession of any evidence collected during the criminal investigation. Subsequently, the district court denied Bowman's request for counsel. It found that semen evidence had been admitted at Bowman's 1983 trial, but that no evidence suitable for DNA testing still existed. Consequently, the court did not find reasonable grounds for a testing motion to be filed. This Court affirmed the district court's order. *See In re Bowman*, No. 03-06-00183-CR, 2006 Tex. App. LEXIS 8902, at *4 (Tex. App.—Austin Oct. 6, 2006, pet. ref'd) (mem. op., not designated for publication).

Bowman filed his second request for appointed counsel on June 22, 2007. In denying this request, the district court found that Bowman had made no showing that would alter the court's previous determination that no biological evidence suitable for DNA testing still existed. On appeal, Bowman conceded that his first request was defective in that it did not state reasonable grounds for testing. He argued, however, that his second request did state reasonable grounds. Thus, in Bowman's view, the district court erred by relying on the findings it made following his first request for counsel. In affirming the district court's order, this Court rejected Bowman's contention:

> The trial court denied Bowman's first request for appointed counsel on the basis of its factual determination that *no testable material exists*, not because of any defect in Bowman's original pleading. We find no error in the trial court's continued reliance on this factual determination in the absence of any showing that it is no longer accurate. And contrary to Bowman's argument, his second request for

2

appointment of counsel does not state facts that would support a finding of reasonable grounds for testing. The motion states that biological evidence was collected at the time of the offense and that this evidence, "if located," could be tested. The motion does not, however, assert any fact supporting a finding that this biological evidence *still exists* and can be located.

*In re Bowman*, No. 03-07-00418-CR, 2007 Tex. App. LEXIS 9500, at *4-5 (Tex. App.—Austin Dec. 5, 2007, no pet.) (mem. op., not designated for publication) (emphasis added).

In April or May 2008, the district court denied Bowman's third request for counsel. On July 14, 2008, Bowman attempted to appeal the district court's order. Finding that Bowman's notice of appeal was untimely filed, this Court dismissed the appeal for want of jurisdiction. *See In re Bowman*, No. 03-08-00449-CR (Tex. App.—Austin Aug. 29, 2008, no pet.) (mem. op., not designated for publication).

Bowman then filed his fourth request for counsel, the one currently before us. The district court also denied this request. In its order, the district court found the following:

> In the December 5, 2007 opinion, the Third Court of Appeals stated that the trial court could continue to rely on its determination that DNA evidence does not now exist, absent any showing that such determination is no longer accurate. There is no evidence that the earlier determination is no longer accurate. In fact, the only additional information provided to the Court confirms the earlier finding that evidence does not exist.[1]

---

[1] In its order, the district court included a footnote explaining this additional information:

The Court received information from Shannon Medical Center that the Center does not retain any such evidence and any lab samples were turned over to law enforcement. As has been previously found, law enforcement no longer possesses the evidence. No law required law enforcement to retain such evidence until 2001, 17 years after Defendant's trial.

The district court concluded, "Because no evidence exists, Defendant has not shown reasonable grounds to file his Motion for Testing of Evidence. Thus, the Court is not required to appoint counsel." This appeal followed.

In reviewing a trial court's ruling under chapter 64, we apply a bifurcated standard of review. *See Whitaker v. State*, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004). We are to afford "almost total deference" to the trial court's resolution of questions of historical fact and application-of-law-to-fact issues that turn on witness credibility and demeanor, but we consider de novo all other application-of-law-to-fact questions. *Routier v. State*, 273 S.W.3d 241, 246 (Tex. Crim. App. 2008) (citing *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002)). The question in this case—whether the claimed DNA evidence exists—is reviewed with deference. *See Rivera*, 89 S.W.3d at 59.

The sole issue in this case is whether the district court abused its discretion in finding that there were no reasonable grounds for a testing motion to be filed. Although chapter 64 does not define "reasonable grounds," this Court has held that "reasonable grounds for a testing motion are present when the facts stated in the request for counsel or otherwise known to the trial court reasonably suggest that a plausible argument for testing can be made." *In re Franklin*, No. 03-07-00563-CR, 2008 Tex. App. LEXIS 4545, at *7 (Tex. App.—Austin June 19, 2008, no pet.) (mem. op., not designated for publication). On the other hand, "reasonable grounds for a testing motion are not present if the record before the trial court shows that DNA testing is

Shannon Medical Center is the hospital where the victim of the offense was examined after she was assaulted.

4

impossible or that no viable argument for testing can be made." *Id.*; *see also James v. State*, 196 S.W.3d 847, 850 (Tex. App.—Texarkana 2006, no pet.) (no reasonable grounds for testing motion when nothing in record showed that any biological evidence remained); *Lewis v. State*, 191 S.W.3d 225, 228 (Tex. App.—San Antonio 2005, pet. ref'd) (no reasonable grounds for testing motion when evidence before trial court showed that biological evidence had been destroyed).

In his brief, Bowman concedes that his first and second requests for counsel "were statutorily defective and did not contain sufficient reasonable grounds." He claims, however, that his third and fourth requests contain "substantial reasonable grounds" based on "new evidence" that he obtained after his second request was denied.[2] The State responds that none of the evidence to which Bowman refers tends to show that biological material capable of DNA testing *currently* exists.

The evidence attached to Bowman's fourth request consists of the following:

- Correspondence to Bowman from Shannon Medical Center, dated April 22, 2008, informing Bowman that his recent request for medical records was being returned to him because "We must have a HIPAA-compliant signed authorization from the patient in order to release the information requested or a court-ordered subpoena duces tecum with the appropriate cause number."

- The victim's medical records from May 1, 1983, the date she was examined following the assault, a copy of which Bowman apparently obtained from his trial counsel's case file.

- Correspondence to the Tom Green County Sheriff's Department from the Texas Department of Public Safety, dated May 5, 1983, informing the sheriff's department that DPS had completed its examination of the victim and that "spermatozoa were found on

---

[2] Bowman claims that much of this evidence came from the case file of the defense attorney who represented Bowman in 1983. According to Bowman, he obtained the case file on December 12, 2007.

the vaginal smear slides in the rape kit." The letter concludes, "We are retaining the evidence until advised by you of the disposition."

• Subpoenas from the district attorney's office compelling the attendance of certain witnesses at Bowman's trial in 1983. The subpoenas reference the physical evidence in the case and list witnesses who would apparently testify about this evidence.

• A "memo to file" from Bowman's trial counsel regarding a conversation trial counsel had with the district attorney about various aspects of the case, most notably a photo lineup.

• An apparent copy of an excerpt from Bowman's brief appealing his conviction. Among other things, the excerpt references the victim's reluctance to testify during trial.

At most, the above evidence tends to show that biological material existed at the time of Bowman's trial in 1983. However, none of the evidence suggests that this biological material still exists today. The May 5, 1983 letter from DPS to the Sheriff's Department indicates that DPS would retain the evidence "until advised by [the Sheriff's Department] of disposition." There is no indication in the record that DPS or any other law enforcement agency was still in possession of the evidence at the time of Bowman's first request for counsel in 2003, much less his fourth request in 2008. As the district court correctly observed, law enforcement was not required to retain such evidence until 2001. *See* Tex. Code Crim. Proc. Ann. art. 38.43 (West Supp. 2008) (providing for preservation of evidence containing biological material). Bowman was convicted in 1983, and this Court affirmed his conviction in 1984. *See Bowman v. State*, No. 03-84-00109-CR (Tex. App.—Austin Sept. 26, 1984, pet. ref'd) (per curiam). Thus, Bowman's case was finally disposed of well before 2001.

Bowman also places significance on the 2008 correspondence from Shannon Medical Center indicating that the Center would not release the medical records Bowman was

requesting unless the patient authorized or a court ordered the release. According to Bowman, this correspondence is evidence that the victim's medical records still existed at the time of his request for counsel. We first observe that the document in question—which appears to be nothing more than a generic, unsigned "fill-in-the-blank" form letter—does not even identify the patient whose records were being requested. However, even assuming that the correspondence was referring to the victim's medical records, nothing in the correspondence tends to show that the Center possessed the *biological material* that Bowman sought to be tested. On the contrary, the district court noted in its order that it had "received information from Shannon Medical Center that the Center does not retain any such evidence and any lab samples were turned over to law enforcement."

As for the other "new evidence" to which Bowman refers, none of it controverts the district court's finding that DNA evidence does not currently exist. We reiterate that the district court's order denying Bowman's first request for counsel followed a two-year investigation into whether any biological evidence existed on which DNA testing would be possible. After that investigation was completed, the district court found that no evidence was presently available. In this Court's earlier opinion affirming the district court's denial of Bowman's second request for counsel, this Court held that there was "no error in the trial court's continued reliance on this factual determination in the absence of any showing that it is no longer accurate." *Bowman*, 2007 Tex. App. LEXIS 9500, at *4. Similarly, we cannot conclude that the district court abused its discretion in finding that Bowman has failed to make a showing that the district court's previous factual

determination is no longer accurate and in finding again that no biological material for DNA testing currently exists.

We overrule Bowman's sole point of error and affirm the district court's order.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   October 21, 2009

Do Not Publish

8