NO. 07-09-0121-CR

NO.
07-09-0122-CR

 

   IN THE COURT
OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 

 MARCH 23, 2010



 



 

SHANNON LEE ABEYTA,  

 

                                                                                         Appellant

v.

 

THE STATE OF TEXAS,

  

                                                                                         Appellee

_____________________________

 

FROM THE 251ST DISTRICT COURT OF POTTER
COUNTY;

 

NO. 41,915-C; 43,143-C; HONORABLE ANA
ESTEVEZ, PRESIDING

 



 

Memorandum
Opinion

 



 

Before  QUINN, C.J., and CAMPBELL and HANCOCK, JJ.








            Shannon Lee Abeyta appeals pro se from an order denying his motion
for post-conviction forensic DNA testing pursuant to Chapter 64 of the Code of
Criminal Procedure.[1]  He pled guilty based on a plea bargain to two
charges of aggravated sexual assault in 2003 and filed a motion in 2009 for DNA
testing of evidence containing “biological material.”  The State responded that it “never obtained
from the child victim any evidence which contained biological material.”[2]  The State also alleged that identity was not
an issue in the case and that appellant attached an unsworn affidavit to his
motion.  The trial court denied
appellant’s motion without stating the basis for its ruling.

            A trial court may order forensic DNA
testing only if it finds, among other things, that
such evidence still exists and that identity was or is an issue in the
case.  Tex.
Code Crim. Proc. Ann. art.
64.03(a)(1)(A)(i) & (B) (Vernon Supp. 2009); see also Bell v. State, 90 S.W.3d 301,
306 (Tex. Crim. App. 2002) (stating that the trial court must order testing
only if the statutory preconditions are met). 
In our review of the trial court’s ruling, we afford almost total
deference to the trial court’s determination of issues of historical fact and
application of law-to-fact questions that turn on credibility and demeanor and
review other issues de novo.  Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).  As such, we defer to the trial court’s
finding whether the claimed DNA evidence exists.  Caddie
v. State, 176 S.W.3d 286, 289 (Tex. App.–Houston [1st
Dist.]  2004, pet. ref’d).  Furthermore, the trial court may make its
determination based upon the State’s response to the motion, id. at 289; Mearis v. State, 120 S.W.3d 20, 24 (Tex.
App.–San Antonio 2003, pet. ref’d), which response need not be accompanied by
affidavits.  Whitaker v. State, 160 S.W.3d 5, 8-9 (Tex. Crim. App. 2004); Cravin v. State, 95 S.W.3d 506, 509
(Tex. App. –Houston [1st Dist.] 2002,  pet ref’d).           

            A court may order testing only of
evidence that was secured in relation to the offense that is the basis of the
challenged conviction and was in the possession of the State during the
trial.  Tex.
Code Crim. Proc. Ann. art.
64.01(b) (Vernon Supp. 2009).  Appellant’s motion seeks testing of “any and
all evidence containing biological material that was secured.”  He fails to identify what specific evidence
he seeks to have tested or whether such evidence even exists.  See Atkins
v. State, 262 S.W.3d 413, 417 (Tex. App.–Houston [14th Dist.]
2008, pet. ref’d) (noting that the record contained no indication that such
evidence was taken from the crime scene or from appellant or the victim); James v. State, 196 S.W.3d 847, 850
(Tex. App.–Texarkana 2006, no pet.) (finding the
motion defective when there was no suggestion in it that any biological
material actually exists).  

In response, the State has alleged that it never obtained any
evidence upon which DNA testing could be conducted.  It further went on to explain that the sexual
assault nurse examiner did not perform any laboratory tests to obtain
biological material due to the length of time between the assaults and the
examination and the fact the child gave no indication that appellant had
ejaculated into her mouth or sexual organ. Given the vagueness of appellant’s
motion and the response of the State, the record does not establish the
existence of any evidence subject to testing. See Lopez v. State, 114 S.W.3d 711, 716-17 (Tex. App.–Corpus Christi 2003, no
pet.).  That being so,
the trial court did not err in denying the motion.  Id. at 717 (finding no error given the State’s response that there
was no evidence available to test).[3]

            Accordingly, the order of the trial
court is affirmed.

 

                                                                                    Per
Curiam

 











[1]Appellant
also complains that the trial court erred in failing to appoint counsel for
him.  However, we previously abated this
appeal for the appointment of counsel.  





[2]The
State is required to either deliver the evidence to the court along with a
description of the condition of the evidence or explain in writing why the
evidence cannot be delivered.  Tex. Code  Crim. Proc. Ann. art. 64.02(a)(2) (Vernon Supp. 2009). 






[3]We
do not address whether appellant’s judicial admission to the commission of the
underlying offenses negated any potential for his identity being in
dispute.