NO. 07-09-0121-CR
 NO. 07-09-0122-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 MARCH 23, 2010

 SHANNON LEE ABEYTA,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 _____________________________

 FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

 NO. 41,915-C; 43,143-C; HONORABLE ANA ESTEVEZ, PRESIDING

 Memorandum Opinion

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Shannon Lee Abeyta appeals pro se from an order denying his motion
for post-conviction forensic DNA testing pursuant to Chapter 64 of the Code
of Criminal Procedure.[1] He pled guilty based on a plea bargain to two
charges of aggravated sexual assault in 2003 and filed a motion in 2009 for
DNA testing of evidence containing "biological material." The State
responded that it "never obtained from the child victim any evidence which
contained biological material."[2] The State also alleged that identity
was not an issue in the case and that appellant attached an unsworn
affidavit to his motion. The trial court denied appellant's motion without
stating the basis for its ruling.
 A trial court may order forensic DNA testing only if it finds, among
other things, that such evidence still exists and that identity was or is
an issue in the case. Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i) &
(B) (Vernon Supp. 2009); see also Bell v. State, 90 S.W.3d 301, 306 (Tex.
Crim. App. 2002) (stating that the trial court must order testing only if
the statutory preconditions are met). In our review of the trial court's
ruling, we afford almost total deference to the trial court's determination
of issues of historical fact and application of law-to-fact questions that
turn on credibility and demeanor and review other issues de novo. Rivera
v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). As such, we defer to
the trial court's finding whether the claimed DNA evidence exists. Caddie
v. State, 176 S.W.3d 286, 289 (Tex. App.-Houston [1st Dist.] 2004, pet.
ref'd). Furthermore, the trial court may make its determination based upon
the State's response to the motion, id. at 289; Mearis v. State, 120 S.W.3d
20, 24 (Tex. App.-San Antonio 2003, pet. ref'd), which response need not be
accompanied by affidavits. Whitaker v. State, 160 S.W.3d 5, 8-9 (Tex.
Crim. App. 2004); Cravin v. State, 95 S.W.3d 506, 509 (Tex. App. -Houston
[1st Dist.] 2002, pet ref'd).
 A court may order testing only of evidence that was secured in
relation to the offense that is the basis of the challenged conviction and
was in the possession of the State during the trial. Tex. Code Crim. Proc.
Ann. art. 64.01(b) (Vernon Supp. 2009). Appellant's motion seeks testing
of "any and all evidence containing biological material that was secured."
He fails to identify what specific evidence he seeks to have tested or
whether such evidence even exists. See Atkins v. State, 262 S.W.3d 413,
417 (Tex. App.-Houston [14th Dist.] 2008, pet. ref'd) (noting that the
record contained no indication that such evidence was taken from the crime
scene or from appellant or the victim); James v. State, 196 S.W.3d 847, 850
(Tex. App.-Texarkana 2006, no pet.) (finding the motion defective when
there was no suggestion in it that any biological material actually
exists).
 In response, the State has alleged that it never obtained any evidence
upon which DNA testing could be conducted. It further went on to explain
that the sexual assault nurse examiner did not perform any laboratory tests
to obtain biological material due to the length of time between the
assaults and the examination and the fact the child gave no indication that
appellant had ejaculated into her mouth or sexual organ. Given the
vagueness of appellant's motion and the response of the State, the record
does not establish the existence of any evidence subject to testing. See
Lopez v. State, 114 S.W.3d 711, 716-17 (Tex. App.-Corpus Christi 2003, no
pet.). That being so, the trial court did not err in denying the motion.
Id. at 717 (finding no error given the State's response that there was no
evidence available to test).[3]
 Accordingly, the order of the trial court is affirmed.
 Per Curiam
Do not publish.

-----------------------
 [1]Appellant also complains that the trial court erred in failing to
appoint counsel for him. However, we previously abated this appeal for the
appointment of counsel.

 [2]The State is required to either deliver the evidence to the court
along with a description of the condition of the evidence or explain in
writing why the evidence cannot be delivered. Tex. Code Crim. Proc. Ann.
art. 64.02(a)(2) (Vernon Supp. 2009).

 [3]We do not address whether appellant's judicial admission to the
commission of the underlying offenses negated any potential for his
identity being in dispute.