**8 95 -15**

NO. _____PD-0895-15_____

COURT OF CRIMINAL APPEALS OF TEXAS

TEX. R. APP. P. 68.2(a)

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 23 2015

Abel Acosta, Clerk

JOHNATHAN COOPER,

Appellant

VS.

THE STATE OF TEXAS,

Appellee

FILED IN
COURT OF CRIMINAL APPEALS

SEP 23 2015

Abel Acosta, Clerk

On Petition for Discretionary Review

from the Second Court of Appeals

in No. 02-15-00145-CR Affirming the Conviction

in No. 1031532D from the

297th District Court

Tarrant County, Texas

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

Johnathan Cooper
TDCJ No. 1862306
F.M. Robertson Unit
12071 FM 3522
Abilene, TX 79601

Appellant, pro se

## IDENTITIES OF PARTIES

APPELLANT                          Johnathan Eugene Cooper


STATE'S ATTORNEY
  ON APPEAL                        Debra Windsor
                                   Assistant District Attorney
                                   401 W. Belknap St.
                                   Fort Worth, TX 76196-0201


TRIAL JUDGE                        Honorable Everret Young
                                   297th Judicial District Court
                                   Tarrant County, Texas


HABEAS TRIAL JUDGE                 Honorable David C. Hagerman
                                   297th Judicial District Court
                                   Tarrant County, Texas

# TABLE OF CONTENTS

IDENTITIES OF PARTIES .......................................................... ii

TABLE OF CONTENTS ............................................................. iii

INDEX OF AUTHORITIES .......................................................... iv-v

STATEMENT REGARDING ORAL ARGUMENT .............................................. 1

STATEMENT OF THE CASE ......................................................... 2

STATEMENT OF PROCEDURAL HISTORY ............................................... 3

GROUNDS FOR REVIEW ............................................................ 4

    1.   Does the court of appeals have any jurisdiction to review the lower court's denial of Appellant's motion requesting appointment of counsel for purposes of investigating, preparing and presenting his ineffective assistance of counsel claim(s) in a postconviction Article 11.07 application for writ of habeas corpus?

    2.   Did the court of appeals err in concluding that it does not have jurisdiction to review the lower court's decision without conducting proper inquiry?

    3.   What court would have proper jurisdiction to review denial of a request for appointment of counsel made pursuant to article 11.074, Tex. Code Crim. Proc.?

REASONS FOR REVIEW ............................................................ 5

ARGUMENT AND AUTHORITIES ...................................................... 6-10

    Ground 1 .................................................................. 6-8

    Ground 2 .................................................................. 8-10

    ground 3 .................................................................. 10

PRAYER ........................................................................ 11

UNSWORN DECLARATION ........................................................... 11

CERTIFICATE OF SERVICE ........................................................ 12

APPENDIX ...................................................................... 13-19

# INDEX OF AUTHORITIES

CASES

Bright v. State,
296 S.W.3d 329 (Tex.App. - Amarillo 2009)     7, 8

Martinez v. Ryan,
132 S.Ct. 1309 (2012)     6

McKown v. State,
915 S.W.2d 160 (Tex.App. - Fort Worth 1996, no pet.).     7

Pitts v. State,
113 S.W.3d 393 (Tex.App. - Houston [1st Dist.] 2003)     7, 8

Trevino v. Thaler,
133 S.Ct. 1911 (2013)     6


STATUTES

Tex. Code Crim. Proc.

    Article 1.051(d)     6

    Article 11.07     4

    Article 11.074     4, 10

    Chapter 64     7

Tex. Gov't. Code

    Section 24.016     6, 7

Tex. Pen. Code

    Section 22.011(a)(2)     2

## STATEMENT OF THE CASE

After agreeing to plead no contest in exchange for a recommended punishment of two years confinement (time-served), Appellant was convicted of the offense of sexual assault of a minor, Tex. Pen. Code Ann., sec. 22.011(a)(2), in the 297th District Court of Tarrant County, Texas. Punishment was thereafter assessed at the recommended two years confinement.

## STATEMENT OF PROCEDURAL HISTORY

Proceeding pro se, Appellant filed motion in the convicting court seeking appointment of habeas counsel. That motion was denied. Appellant thereafter sought motion for reconsideration of the court's perfunctory denial. That motion too was perfunctorily denied by the convicting court on July 7, 2015. Appellant took timely appeal. In a written per curiam opinion issued on June 18, 2015, the Second Court of Appeals dismissed the appeal for want of jurisdiction. No motion for rehearing was sought.

## GROUND FOR REVIEW 1

Does the court of appeals have any jurisdiction to review the lower district court's denial of Appellant's motion requesting appointment of counsel for purposes of investigating, preparing and presenting his ineffective assistance of counsel claim(s) in a postconviction Article 11.07 application for writ of habeas corpus?

## GROUND FOR REVIEW 2

Did the court of appeals err in concluding that it does not have jurisdiction to review the lower court's decision without conducting proper inquiry?

## GROUND FOR REVIEW 3

What court would have proper jurisdiction to review denial of a request for appointment of counsel made pursuant to article 11.074, Tex. Code Crim. Proc.?

4

## REASONS FOR REVIEW

1. The court of appeals' decision conflicts with another court of appeals' decision on the same issue. TEX. R. APP. P. 66.3(a)

2. The court of appeals has decided an important question of state law that has not been, but should be, settled by the Court of Criminal Appeals. TEX. R. APP. P. 66.3(b).

3. The court of appeals has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision. TEX. R. APP. P. 66.3(f).

## GROUND FOR REVIEW 1

### Statement of Facts

Appellant filed in the 297th District Court of Tarrant County, Texas, his motion seeking appointment of habeas counsel pursuant to the United States Supreme Court's decisions in Martinez v. Ryan, 132 S.Ct. 1309 (2012) and Trevino v. Thaler, 133 S.Ct. 1911 (2013), as well as article 1.051(d), Tex. Code Crim. Proc., and section 24.016, Tex. Gov't. Code, for the specific purpose of investigating, preparing and presenting his claim of ineffective assistance of counsel in an article 11.07 application for writ of habeas corpus. That motion was perfunctorily denied by the district court. Appellant thereafter filed motion for reconsideration in the district court which was denied on July 7, 2015. Appellant timely noticed appealed to the Second Court of Appeals sitting at Fort Worth, Texas.

On May 13, 2015, concerned that it lacked jurisdiction over the appeal because it "has no jurisdiction over matters relating to postconviction applications under article 11.07, including requests for appointment of counsel," the court of appeals notified the parties that if either desired to continue the appeal, they must file with the court, on or before May 26, 2015, a response showing grounds for continuing the appeal (Cooper v. State, COA No. 02-15-00145-CR) (Append at 17-18). Appellant filed a pro se response to the court's May 13, 2015 letter.

In a written per curiam opinion issued on June 18, 2015,

6

the court of appeals dismissed the appeal for want of jurisdiction, explaining that it generally has jurisdiction to consider an appeal by a criminal defendant only from a judgement of conviction, citing McKown v. State, 915 S.W.2d 160, 161 (Tex.App. - Fort Worth 1996, no pet.). The court of appeals went on to opine that it does not have jurisdiction over a postconviction application for writ of habeas corpus in a felony case, including a related motion for appointment of counsel (citations omitted) (Memo. Op., Appendix at

## Argument and Authorities

The court of appeals' disposition of the appeal conflicts with the Amarillo court of appeals' decision in Bright v. State, 296 S.W.3d 329 (Tex.App. - Amarillo 2009) (court of appeals possessed limited jurisdiction to review the denial of appointment of counsel), as well as conflicts with the Houston court of appeals' decision in Pitts v. State, 113 S.W.3d 393 (Tex.App. - Houston [1st Dist.] 2003) (requiring trial courts to appoint counsel in exceptional cases under section 24.016, Tex. Gov't. Code, and that order denying such appointment reviewed by court of appeals for abuse of discretion).

Appellant argues that court of appeals in this case had, at the very least, "limited" jurisdiction to consider the lower court's denial of his motion seeking appointment of habeas counsel, similar to that of a denied motion for appointment of counsel in a DNA testing request under Chapter 64, Tex. Code Crim.

7

Proc., Bright v. State, supra, or that of denial of appointment of counsel in an expunction proceeding, Pitts v. State, supra.

## GROUND FOR REVIEW 2

### Statement of Facts

Having been unexpectedly notified by the court of appeals that he was required to show how the court may have jurisdiction to review the lower court's denial of his motion for habeas counsel, Appellant moved the court of appeals for an extension of time in which to research and prepare a showing to continue the appeal because Appellant was at that time being housed according to the institutional "in-transit" protocol after return to TDCJ-CID following benchwarrant to his county of conviction.

Design and operation of access to courts applicable to prisoners housed in the "in-transit" protocol is such that the prisoner has only limited access to legal materials from the unit law library. That is, the prisoner may request only three items of reference per day. Rather than have the benefit of being permitted to attend the unit law library where legal reference materials are kept and maintained, the "in-transit" prisoner can only request three legal references per day, and those reference items are delivered to him the day following his request, and retrieved by unit law library personnel twenty-four hours later.

8

These circumstances make it particularly difficult and time-consuming for the pro se appellant to adequately research applicable statutory and decisional law - especially in a matter such as this one where the issue at hand is new and rather unsettled or otherwise unclear. In other words, if the court of appeals, in its vast knowledge and resources, is unsure whether it has jurisdiction to review a given lower court decision, how much moreso for the layman appellant who is proceeding pro se with very limited access to legal reference materials due to the circumstances of his being temporarily housed under the more restrictive "in-transit" protocol.

## Argument and Authorities

Appellant argues that it was improper and erroneous for the court of appeals to dismiss the appeal for want of jurisdiction without reviewing the case and itself conducting adequate inquiry into the matter of jurisdiction, given that the matter appears unsettled, and/or without granting Appellant adequate time to further research the matter where, at the time of the court of appeals' May 13, 2015, notice to the parties through the May 26, 2015 deadline set by the court of appeals for the parties to show grounds for continuiing the appeal, Appellant's institutional housing status was that of "in-transit," which provides Appellant limited access to law books and legal reference materials.

Moreover, because there has been recent drastic changes

9

in state and federal law relevant to the appointment of counsel in criminal habeas cases which are sure to make request for habeas counsel in such cases as this one a common and routine matter, the court of appeals should have taken the opportunity presented by this case to sua sponte determine whether it possesses jurisdiction to review a lower court's denial of requests for appointment of habeas counsel made pursuant to those recent changes in relevant state and federal law.

## GROUND FOR REVIEW 3

### Statement of Facts

Article 11.074, Tex. Code Crim. Proc. is newly added to the code. Statutory law, at least that available for Appellant to review within the institutional setting, does not expressly indicate exactly what court has jurisdiction to review the denial of a of a request for appointment of counsel made pursuant to Article 11.074.

### Argument and Authorities

Appellant argues that, similar to denials of appointment of counsel requests made during DNA testing proceedings and expunction proceedings, the court of appeals should possess at least a limited jurisdiction to review denials of appointment of counsel in a proceeding related to a postconviction application for writ of habeas corpus.

10

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays the Honorable Court grants discretionary review of the court of appeals' disposition dismissing the appeal for want of jurisdiction. Appellant prays for general relief.

Respectfully submitted,

Johnathan Cooper
TDCJ No. 1862306
French M. Robertson Unit
12071 FM 3522
Abilene, TX 79601

Appellant, pro se

## UNSWORN DECLARATION

I, Johnathan Cooper, TDCJ No. 1862306, being presently incarcerated within the French M. Robertson Unit of the Texas Department of Criminal Justice-Correctional Institutions Division, located in Jones County, Texas, hereby declare under penalty of perjury that the foregoing is true and correct, and placed in the outgoing institutional mailbox on this 8th day of September, 2015, to be mailed U.S. Mail, first-class postage prepaid, addressed to: Court of Criminal Appeals of Texas, P.O. Box 12308, Capitol Station, Austin, Texas 78711-2308. Executed on this the 8th day of September, 2015.

Johnathan Cooper

11

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the fore-going pleading has been duly served upon opposing counsel by mailing same U.S. Mail, firest-class postage prepaid, addressed to: Debra Windsor, Assistant District Attorney, 401 W. Belknap St., Fort Worth, TX 76102-1913. Executed on this the _8th_ day of September, 2015.

_Johnathan Cooper_
Johnathan Cooper

CAUSE NO. 1031532D

| THE STATE OF TEXAS | § | IN THE 297TH |
| | § | |
| VS | § | DISTRICT COURT OF |
| | § | |
| JOHNATHAN COOPER | § | TARRANT COUNTY, TEXAS |

## ORDER ON DEFENDANT'S PRO SE MOTION

On this the 7th day of July, 2015, Defendant's Pro Se Motion for RECONSIDERATION OF DEFENDANT MOTION REQUESTING APPOINTMENT OF HABEAS CORPUS COUNSEL was presented to the court.

The motion has been considered and said motion is hereby;

(GRANTED)    (DENIED)    (NO ACTION)

OR ___ Set for hearing before this court on the _____ day of _____, _____ at _____ o'clock _____.m.

_____
JUDGE PRESIDING

___Copy sent to Defendant, Defense attorney and Attorney for the State

on _____ by _____

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

JUL 0 8 2015

TIME_____ 4:36
BY_____ DEPUTY

Appendix - 14



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS

CHIEF JUSTICE
  TERRIE LIVINGSTON

JUSTICES
  LEE ANN DAUPHINOT
  ANNE GARDNER
  SUE WALKER
  BILL MEIER
  LEE GABRIEL
  BONNIE SUDDERTH

TIM CURRY CRIMINAL JUSTICE CENTER
401 W. BELKNAP, SUITE 9000
FORT WORTH, TEXAS 76196-0211

TEL: (817) 884-1900

FAX: (817) 884-1932

www.txcourts.gov/2ndcoa

CLERK
  DEBRA SPISAK

CHIEF STAFF ATTORNEY
  LISA M. WEST

GENERAL COUNSEL
  CLARISSA HODGES

May 13, 2015

Johnathan Cooper
Byrd Unit #1862306
21 FM 247
Huntsville, TX 77320

RE:    Court of Appeals Number:  02-15-00145-CR
        Trial Court Case Number:   1031532D

Style:   Johnathan Cooper
        v.
        The State of Texas

The court has received a copy of the notice of appeal in this case. *See* Tex. R. App. P. 25.2(c).

The court is concerned that it lacks jurisdiction over this appeal because this court has no jurisdiction over matters relating to postconviction applications under article 11.07 of the code of criminal procedure, including requests for appointment of counsel. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2014).

Unless the appellant or any party desiring to continue the appeal files with the court, on or before **Tuesday, May 26, 2015,** a response showing grounds for continuing the appeal, this appeal may be dismissed for want of jurisdiction. *See* Tex. R. App. P. 44.3.

Respectfully yours,

DEBRA SPISAK, CLERK

*Debra Spisak*

By: Bonnie Alexander, Deputy Clerk

Appendix - 15

cc:    Criminal District Clerk, Tarrant County
Tim Curry Criminal Justice Center
401 W. Belknap, 3rd Floor
Fort Worth, TX 76196

Court Reporter, 297th District Court
Tim Curry Criminal Justice Center
401 W. Belknap St.
Fort Worth, TX 76196-0229

David C. Hagerman
Judge, 297th District Court
Tim Curry Criminal Justice Center
401 W. Belknap, 5th Floor
Fort Worth, TX 76196

Debra A. Windsor
Assistant District Attorney
401 W. Belknap St.
Fort Worth, TX 76102-1913



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00145-CR

JOHNATHAN COOPER                                                          APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

## FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1031532D

----------

## MEMORANDUM OPINION[1]

----------

On April 30, 2015, Appellant Johnathan Cooper filed a notice of appeal challenging the trial court's January 28, 2015 order denying his motion for appointment of postconviction habeas counsel. We sent Appellant a letter notifying him of our concern that we lack jurisdiction over this appeal because this court has no jurisdiction over matters relating to postconviction applications

---

[1]See Tex. R. App. P. 47.4.

Appendix - 17

under article 11.07 of the code of criminal procedure.[2] We indicated that this appeal could be dismissed absent the filing of a response showing grounds for continuing the appeal. Although we received a response, it does not show grounds for continuing the appeal.

We generally have jurisdiction to consider an appeal by a criminal defendant only from a judgment of conviction.[3] We do not have jurisdiction over a postconviction application for writ of habeas corpus in a felony case, including a related motion for appointment of counsel.[4]

Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 18, 2015

---

[2]Tex. Code Crim. Proc. Ann. art. 11.07, § 5 (West 2015).

[3]See McKown v. State, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.).

[4]Taylor v. State, No. 14-13-00614-CR, 2013 WL 4816409, at *1 (Tex. App.—Houston [14th Dist.] Sept. 10, 2013, no pet.) (mem. op., not designated for publication); Ex parte Wall, No. 02-11-00326-CR, No. 02-11-00517-CR, 2012 WL 5869595, at *9 (Tex. App.—Fort Worth Nov. 21, 2012, no pet.) (mem. op., not designated for publication); see Tex. Code Crim. Proc. Ann. art. 11.07, § 5; Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (stating that the Texas Court of Criminal Appeals is the "only court with jurisdiction in final post-conviction felony proceedings").



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00145-CR

| | | |
|---|---|---|
| Johnathan Cooper | § | From the 297th District Court |
| | § | of Tarrant County (1031532D) |
| v. | § | June 18, 2015 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM

Appendix - 19



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS

CHIEF JUSTICE
  TERRIE LIVINGSTON

JUSTICES
  LEE ANN DAUPHINOT
  ANNE GARDNER
  SUE WALKER
  BILL MEIER
  LEE GABRIEL
  BONNIE SUDDERTH

TIM CURRY CRIMINAL JUSTICE CENTER
401 W. BELKNAP, SUITE 9000
FORT WORTH, TEXAS 76196-0211

TEL: (817) 884-1900

FAX: (817) 884-1932

www.txcourts.gov/2ndcoa

CLERK
  DEBRA SPISAK

CHIEF STAFF ATTORNEY
  LISA M. WEST

GENERAL COUNSEL
  CLARISSA HODGES

June 1, 2015

Johnathan Cooper
Byrd Unit #1862306
21 FM 247
Huntsville, TX 77320

Debra A. Windsor
Assistant District Attorney
401 W. Belknap St.
Fort Worth, TX 76196-0201
* DELIVERED VIA E-MAIL *

RE:     Court of Appeals Number:  02-15-00145-CR
        Trial Court Case Number:  1031532D

Style:  Johnathan Cooper
        v.
        The State of Texas

The pro se's response to our letter dated May 15, 2015, has been filed under the date of Thursday, May 28, 2015, in the above referenced cause.

Respectfully yours,

DEBRA SPISAK, CLERK

*Debra Spisak*

By: Karen Brown, Deputy Clerk

NO. _____PD-0895-15_____

| | | |
|---|---|---|
| JOHNATHAN COOPER | § | IN THE COURT OF |
| | § | |
| vs. | § | CRIMINAL APPEALS |
| | § | |
| THE STATE OF TEXAS | § | AUSTIN, TEXAS |

## MOTION TO SUSPEND RULE 68.11

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Johnathan Cooper, Appellant, pro se, and respectfully moves the Court to exercise its authority granted by Rule 2, Tex. R. App. Proc., to suspend operation of Rule 68.11, Tex. R. App. P., in this case. In support of this motion, Appellant would show the following:

I.

1. Appellant is petitioning the Court for discretionary review of the court of appeals' order dismissing the appeal in Johnathan Cooper v. State of Texas, COA No. 02-15-00145-CR.

2. Rule 68.11 of the Texas Rules of Appellate Procedure, requires that Appellant serve a copy of the petition upon the State Prosecuting Attorney in addition to the service required by Rule 9.5 of said rules.

3. Appellant, as a prisoner confined within the Texas Department of Criminal Justice-Correctional Institutions Division does not have access to photocopying equipment capable of making multiple copies of the petition for service upon both State's attorneys..

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays the Honorable Court grants this motion and suspends operation of Rule 68.11, Tex. R. App. P., in this case. Appellant prays for general relief.

Respectfully submitted,

*Johnathan Cooper*

Johnathan Cooper
TDCJ No. 1862306
French M. Robertson Unit
12071 FM 3522
Abilene, TX 79601

Appellant, pro se

## UNSWORN DECLARATION

I, Johnathan Cooper, TDCJ No. 1862306, being presently incarcerated at the French M. Robertson Unit of the Texas Department of Criminal Justice-Correctional Institutions Division, located in Jones County, Texas, hereby declare under penalty of perjury that the foregoing is true and correct, and placed in the outgoing prison mailbox on this ____ day of September, 2015, to be mailed U.S. Mail, first-class postage prepaid, addressed to: Court of Criminal Appeals of Texas, P.O. Box 12308, Austin, Texas 78711-2308. Executed on this the ____ day of September, 2015.

*Johnathan Cooper*

Johnathan Cooper

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been duly served upon opposing counsel via U.S. Mail, first-class postage prepaid, addressed to: Debra A. Windsor, Assistant District Attorney, 401 W. Belknap St., Fort Worth, TX 76196-0201. Executed on this the 8th day of September, 2015.

_Johnathan Cooper_
Johnathan Cooper

3

n Cooper # 1862306
on Unit
M 3529
TX 79601

LEGAL MAIL

To:

Court of Criminal Appeals

c/o Clerk

P.O. Box 12308, Capitol Station

Austin, TX 78711-2308





